Thomas M. **FITZPATRICK**, Plaintiff.

v.

**ARCO MARINE, INC.**, Defendant.

No. CIV99–10123–RSWL (Mcx).

United States District Court,
C.D. California,
Western Division.

March 23, 2001.

Larry Lockshin, Kimberly A. Miller, Larry Lockshin Law Offices, Sacramento, CA, for plaintiff.

Scott T. Pratt, Theordore Hall Adkinson, Keesal Young & Logan, Long Beach, CA, for Defendant.

Joseph P. Collins, B. Otis Felder, Hancock Rothert & Bunshoft, LLP, Los Angeles, CA, for Crowley Petroleum Transport, Inc.

## ORDER DENYING MOTION TO COMPEL ENFORCEMENT OF NON–PARTY SUBPOENA

McMAHON, United States Magistrate Judge.

The motion of plaintiff Thomas M. Fitzpatrick to compel enforcement of a non-party subpoena served on third party Crowley Petroleum Transport, Inc. ("CPTI") is denied.

The plaintiff seeks an order of this court to compel third party CPTI to allow the plaintiff to inspect, photograph and videotape a portion of the Prudhoe Bay, a tanker leased to CPTI. In particular, the plaintiff requests the court to order CPTI to deploy an accommodation ladder on the tanker in the manner it was deployed at the time the plaintiff was injured. The plaintiff further requests an order that CPTI allow the plaintiff to photograph, videotape and measure the accommodation ladder as it is deployed and after deployment.

■ CPTI currently leases and operates the Prudhoe Bay, but did not own or operate the ship at the time of the plaintiff's claimed injury. This court has the power to compel a non-party to submit to an inspection upon the service of a proper subpoena. Rule 34(c), Federal Rules of Civil Procedure, referring to Rule 45. Federal Rules of Civil Procedure.

■ Upon a proper objection by a third party to the inspection ordered by a subpoena, the court must determine whether the plaintiff's need for the inspection is sufficient to outweigh the burden imposed by the inspection on the third party. *Premium Service Corporation v. Sperry & Hutchinson Company*, 511 F.2d 225, 229 (9th Cir.1975).

■ The plaintiff has made only a vague and general assertion of the need for the inspection, unsupported by a substantive declaration establishing the existence of facts demonstrating the need. The plaintiff has established by declaration that the plaintiff and his counsel inspected the ship on November 3, 1999 when it was owned by defendant Arco Marine, Inc. During that inspection, the plaintiff was not permitted to videotape or examine the accommodation ladder. In his unsworn motion papers, the plaintiff asserts that he

> "seeks the opportunity to take measurements, photograph and inspect the ladder in the same position it was in at the time of his injury in order to accurately reconstruct the incident, measure forces to which he was subjected at the time of the incident, and better understand the mechanics of the incident. The inspection of the ladder in its stowed position is insufficient for this purpose."

(Plaintiff's Motion, p. 7, lines 1–5.)

Third party CPTI makes a showing by the declaration of Captain Norman George of the burden which would be created by the proposed inspection. Captain George claims that the ship is not now engaging in operations in which the accommodation ladder is regularly stowed and unstowed and that deploying the accommodation ladder will interfere with normal ship operations. This, Captain George claims, would detract from the vessel's standard operations of safely loading, carrying and discharging cargo. The tanker, Captain George claims, carries a highly inflammable cargo of MTBE, a gasoline additive, and the ship is not a safe environment for the plaintiff, his counsel, and his expert to observe and film the crew. In particular, the plaintiff's camera equipment may create an electrical spark which could create a dangerous condition.

The court finds that the plaintiff has made only a weak and conclusory showing of need for the inspection, unsupported by substantive admissible evidence. Third party CPTI has made a significant showing of a burden which would be created by the inspection, supported by declarations. On this record, the court finds that the burden created by the proposed inspection outweighs the demonstrated need for the inspection.

For the reasons stated above, the plaintiff's motion to compel the enforcement of the

non-party subpoena served on third party CPTI is denied.

IT IS SO ORDERED.