**Garrett SCHWAB, Plaintiff,**

v.

**WYNDHAM INTERNATIONAL, INC., et al., Defendants.**

**No. 3–04–CV–1748–L.**

United States District Court,
N.D. Texas,
Dallas Division.

Jan. 21, 2005.

Robert J. Wiley, Law Office of Rob Wiley, Dallas, TX, for Plaintiff.

Bryant S. McFall, Ogletree, Deakins, Nash, Smoak & Stewart, Dallas, TX, for Defendants.

## ORDER

KAPLAN, United States Magistrate Judge.

Plaintiff Garrett Schwab has filed a motion to compel entry upon premises for inspection and photographing in this gender discrimination and retaliation case brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* According to plaintiff, it is necessary to inspect and photograph his former worksite, the fifth and sixth floors of Wyndham's corporate headquarters in Dallas, Texas, "so that he and his counsel can gain an understanding of the layout of the office and the nature and method in which the discriminatory and retaliatory acts occurred." (Plf. Mot. at 1, ¶ 2). The parties have briefed their respective arguments in support and opposition to the motion in a joint status report filed on January 20, 2005, and this matter is ripe for determination.

Fed.R.Civ.P. 34 authorizes a party to serve on any other party a request:

> to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

FED. R. CIV. P. 34(a). Such a request must set forth the property to be inspected and

"specify a reasonable time, place, and manner of making the inspection and performing the related acts." FED. R. CIV. P. 34(b).

Plaintiff appears to seek unrestricted access to the fifth and sixth floors of Wyndham's corporate headquarters. These floors consist of nearly 152,000 square feet of office space housing approximately 22 departments. (Jt. Stat. Rep.App. at 001, ¶ 3). Plaintiff worked in only one of those departments—Sales. Thus, the discovery request is overly broad on its face. The evidence submitted by defendant further shows that many of the departments plaintiff wants to inspect and photograph maintain confidential and proprietary information, such as customer account information, employee records, tax information, financial reports, payroll records, sales and marketing plans, revenue goals, and investor profiles. (See id. at 002–02, ¶ 6). Plaintiff wholly fails to address this issue in the joint status report. Finally, plaintiff has not articulated, much less proved, a need for inspecting and photographing the premises. He alleges only that "an inspection is likely to reveal facts who would or could have witnessed the offensive acts, how the acts occurred, the motivation of the offending party, the reasonable impact the offensive acts would have imposed on Plaintiff in his work environment, and related matters." (Jt. Stat. Rep. at 2, ¶ E(1)). Such general and conclusory assertions do not justify unrestricted access to Wyndham's corporate headquarters. See Belcher v. Bassett Furniture Industries, Inc., 588 F.2d 904, 908–09 (4th Cir.1978) (holding that district court abused its discretion in granting plaintiff's expert unrestricted access to roam through five plants where discrimination allegedly occurred).

For these reasons, plaintiff's motion to compel entry upon premises for inspection and photographing is denied.

SO ORDERED.