**KEITH H., an individual**

v.

**LONG BEACH UNIFIED SCHOOL DISTRICT, et al.**

**No. CV 049273SJO.**

United States District Court, C.D. California.

May 18, 2005.

Barbara A. Kreig, attorney-at-law, Bryan Cave, Santa Monica, CA, Shawna L. Parks, attorney-at-law, Western Law Center for Disability Rights, Los Angeles, CA, Michael Aaron Geibelson, attorney-at-law, Robins, Kaplan, Miller & Ciresi, Los Angeles, for plaintiff.

Defendants Long Beach Youth Home and Zinsmeyer Academy are represented by Philip Treacy and Robert J. Lynch, attorneys-at-law with the firm McMahon Treacy, Los Angeles, defendant Los Angeles County Department of Children and Family Services is represented by Gabriella E. Zielinski, attorney-at-law with the firm Kessel & Associates, Los Angeles, and Long Beach Unified School District is represented by Allen L. Thomas, attorney-at-law, Long Beach.

CHAPMAN, United States Magistrate Judge.

**PROCEEDINGS: PLAINTIFF'S MOTIONS: (1) TO COMPEL DEFENDANT LONG BEACH YOUTH HOME'S PRODUCTION OF DOCUMENTS; (2) TO COMPEL DEFENDANT LONG BEACH YOUTH HOME'S SITE INSPECTION; (3) TO COMPEL DEFENDANT ZINSMEYER ACADEMY'S PRODUCTION OF DOCUMENTS; (4) TO COMPEL DEFENDANT ZINSMEYER ACADEMY'S SITE INSPECTION; AND (5) FOR A PROTECTIVE ORDER**

On April 20, 2005, plaintiff filed a notice of motions and motions to compel defendants

Long Beach Youth Home ("LBYH") and Zinsmeyer Academy ("Zinsmeyer") to produce documents and permit site inspections, a joint stipulation, and the supporting declaration of Shawna L. Parks, with exhibits, and on April 20, 2005, defendants LBYH and Zinsmeyer filed, in opposition to the motions, the declaration of Robert J. Lynch, with exhibits, and the purported declaration of Robert Reilly.[1] On April 27, 2005, plaintiff filed its supplemental brief and the supplemental declaration of Shawna L. Parks, and on April 29, 2005, defendants LBYH and Zinsmeyer filed a supplemental brief.

On April 27, 2005, plaintiff filed a notice of motion and motion for a protective order, a joint stipulation[2] and the supporting declaration of Barbara A. Krieg, with exhibits, and on the same date, defendant Los Angeles County Department of Children and Family Services ("County") filed the declaration of Gabriella E. Zielinski in opposition to plaintiff's motion, with exhibits.[3] On May 4, 2005, plaintiff filed his supplemental brief, and on May 10, 2005, defendants LBYH and Zinsmeyer filed a reply.

Oral argument was held on May 18, 2005, before Magistrate Judge Rosalyn M. Chapman. Plaintiff was represented by Barbara A. Krieg, attorney-at-law with the firm Bryan Cave, and Shawna L. Parks, attorney-at-law with the Western Law Center for Disability Rights. Defendants LBYH and Zinsmeyer were represented by Philip Treacy and Robert J. Lynch, attorneys-at-law with the firm McMahon Treacy, defendant County was represented by Gabriella E. Zielinski, attorney-at-law with the firm Kessel & Associates, and Long Beach Unified School District was represented by Allen L. Thomas, attorney-at-law.

## BACKGROUND

On November 10, 2004, plaintiff filed his initial complaint against defendants Long Beach Unified School District ("School District"), County, LBYH, Zinsmeyer and others. On January 4, 2005, plaintiff filed his First Amended Complaint ("FAC") against these same defendants, setting forth causes of action arising under: the Americans With Disabilities Act, 42 U.S.C. § 12101 et seq.; Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, 42 U.S.C. §§ 1983 and 1985(3); and under state law. The plaintiff is an African–American who the Los Angeles County Juvenile Court found was a "dependent child." The gravamen of plaintiff's claims is that on July 17, 2003, defendant County illegally, based on racial stereotyping, placed plaintiff in LBYH, a residential facility, which, in turn, required him to attend Zinsmeyer, a non-public high school, where he was placed in a highly restrictive setting, treated as a disabled student with severe emotional disturbances, and denied all access to a public school education, despite the fact that he was not disabled and that the Juvenile Court had ordered, on at least two occasions, that he receive public

1. The Lynch and Reilly declarations are improperly entitled "in support of joint stipulation re: protective order" since defendants have not filed a motion for a protective order, as required by Rule 26(c), but, rather, merely argue that if plaintiff's motions are granted, the Court should sua sponte issue a protective order related to the discovery. The Court strongly disapproves of this approach.

2. All parties participated in the Joint Stipulation.

3. Some of the exhibits to Ms. Zielinski's declaration include copies of documents filed in the Juvenile Court, and those documents set forth plaintiff's full name, rather than his first name and the initial of his last name, as required under California law. *See T.N.G. v. Superior Court*, 4 Cal.3d 767, 771 n. 1, 94 Cal.Rptr. 813, 814 n. 1, 484 P.2d 981 (1971) ("To prevent the disclosure of the minor's identity in proceedings under the Juvenile Court Law, this court and the Courts of Appeal have generally used the juvenile's first name and the first initial of his last name in opinions and orders. Attorneys have similarly not mentioned a minor's last name in briefs and petitions." (citations omitted)); *In re M.G.S.*, 267 Cal.App.2d 329, 340, 72 Cal.Rptr. 808 (1968) ("Filing of an appeal under the initials of the minor is a logical extension of section 827 of the Welfare and Institutions Code providing for the confidentiality of records of the juvenile court."). Similarly, Exhibit 1 to Mr. Lynch's declaration includes a document in which all information has been redacted except plaintiff's full name! The Court admonishes Ms. Zielinski and Mr. Lynch for their conduct, and orders that in all documents filed with this Court, plaintiff should be identified as "Keith H." Failure to abide by this order may result in sanctions.

school education. More specifically, plaintiff alleges that he was schooled at Zinsmeyer despite not having an Individualized Education Plan ("IEP"), as required under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq., and despite never having been properly designated for non-public school placement. In orders entered March 28, April 12, and April 21, 2005, District Judge S. James Otero granted, in part, motions to dismiss filed by various defendants. Defendants have now answered plaintiff's First Amended Complaint.

## DISCUSSION

### I

As an initial matter, the Court is extremely dismayed by the lack of cooperation between the parties, as shown by the parties' failure to agree on a protective order, despite the fact that plaintiff filed a motion for a protective order and defendants LBYH and Zinsmeyer, without filing their own motion for a protective order, have asked the Court to issue one.[4] Thus, the Court is mystified as to why the parties have been unable to amicably resolve this simple matter.

As Judge Wayne Brazil has explained:

[t]he discovery system depends absolutely on good faith and common sense from counsel. The courts, sorely pressed by demands to try cases promptly and to rule thoughtfully on potentially case dispositive motions, simply do not have the resources to police closely the operation of the discovery process. The whole system of [c]ivil adjudication would be ground to a virtual halt if the courts were forced to intervene in even a modest percentage of discovery transactions. That fact should impose on counsel an acute sense of responsibility about how they handle discovery matters. They should strive to be cooperative, practical and sensible, and should turn to the courts (or take positions that force others to turn to the courts) only in extraordinary situations that implicate truly significant interests.

*In re Convergent Technologies Sec. Litigation,* 108 F.R.D. 328, 331 (N.D.Cal.1985). The parties must understand that it is for the Court's and their own benefit that they cooperate in presenting to the Court only real discovery disputes for resolution.

Further, the Court notes that in some of defendant County's documents there are inferentially disparaging references to plaintiff's counsel. The parties are admonished that in the future this Court will strike sua sponte any document that refers in an offensive manner to the opposing counsel (or party), including documents containing abusive correspondence as exhibits. Moreover, the parties must become familiar with the Court's Civility and Professionalism Guidelines, which are available under the Attorney Admissions section of the Court's website at *http://www.cacd.uscourts.gov/.*

### II

Rule 1 of the Federal Rules of Civil Procedure directs that the rules "shall be construed and administered to secure the just, speedy, and inexpensive determination of every action." As the Fifth Circuit has noted, "[t]here probably is no provision in the federal rules that is more important than this mandate. It reflects the spirit in which the rules were conceived and written, and in which they should be, and by and large have been, interpreted...." *Trevino v. Celanese Corp.,* 701 F.2d 397, 405 (5th Cir.1983) (citation omitted).

Rule 26(b)(1) permits discovery in civil actions of "any matter, not privileged, that is relevant to the claim or defense of any party...." Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute. *Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D.Cal.1998). Toward this end, Rule 26(b) is liberally interpreted to permit wide-ranging discovery of information even though the information may not be admissible at the trial. *Jones v. Commander, Kansas Army Ammunitions Plant,* 147 F.R.D. 248, 250 (D.Kan.1993). The party who re-

---

**4.** Further defendant County, which opposes plaintiff's motion for a protective order, improp- erly attempted to join defendants LBYH and Zinsmeyer's request for a protective order.

sists discovery has the burden to show discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir.1975).

■ Rule 26(b)(1), as quoted above, specifically provides for discovery of all non-privileged matters "relevant to the claim·or defense of any party." Questions of evidentiary privilege arising in the adjudication of federal rights, such as here, are governed by the principles of federal common law. Fed. R.Evid. 501; *United States v. Zolin*, 491 U.S. 554, 562, 109 S.Ct. 2619, 2625, 105 L.Ed.2d 469 (1989). This is true even where a complaint contains both federal and pendant state law claims. *Religious Tech. Ctr. v. Wollersheim*, 971 F.2d 364, 367 n. 10 (9th Cir.1992).

Rule 34 is one of the discovery tools available to litigants in the federal courts. It broadly provides that:

> Any party may serve on any other party a request (1) to produce ... any designated documents ... which are in the possession, custody, or control of the party upon whom the request is served; or (2) to permit entry upon designated land or other property in the possession or control of the party upon whom the request is served for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon, within the scope of Rule 26(b).

Fed.R.Civ.P. 34(a).

**Documents:**

The plaintiff seeks to compel responses to requests for production of documents nos. 37[5] and 38[6] from defendant LBYH and requests for production of documents nos. 2 through 4[7] and 32 through 34[8] from defendant Zinsmeyer. In response to all of these document requests, both defendants objected on the following grounds: (1) the requests are overbroad; and (2) the requests "inappropriately seek[ ] private records of minors and private information of wards of the Dependency Court, contrary to Article I, Section 1 of the Constitution of the State of California, California Welfare & Institutions Code section 827,[9] as well as *American Academy of Pediatrics v. Lungren*, 16 Cal.4th 307,

5. Request for production of documents no. 37 seeks:

> All documents identifying any youths who, from January 1, 2002 to the present, attending Zinsmeyer during the time in which they were placed or resided with Defendant.

Jt. Stip. at 9:12–14.

6. Request for production of documents no. 38 seeks:

> All documents identifying youths who, from January 1, 2002 to the present, did not attend Zinsmeyer during the time in which they were placed or resided with Defendant.

Jt. Stip. at 9:23–25.

7. Request for production of documents no. 2 seeks:

> All Individual Services Agreements for Nonpublic, Nonsectarian School/Agency with LBUSD in effect from January 1, 2002 to the present related to the provision of educational services by Defendant.

Jt. Stip. at 6:22–24. Request for production of documents no. 3 seeks:

> All contracts with any school district or its agents in effect from January 1, 2002 to the present relating to the provision of educational services by Defendant.

Jt. Stip. at 7:7–8. Request for production of documents no. 4 seeks:

> All Individual Services Agreements for Nonpublic, Nonsectarian School/Agency with LBUSD in effect from January 1, 2002 to the present relating to the provision of educational services by Defendant.

Jt. Stip. at 7:19–21.

8. Request for production of documents no. 32 seeks:

> All documents identifying students currently enrolled with the Defendant who do not have and IEP mandating placement in a nonpublic school.

Jt. Stip. at 8:4–5. Request for production of documents no. 33 seeks:

> All documents identifying students who were formally enrolled with Defendant at any time since January 1, 2002 who did not have an IEP mandating placement in a non-public school.

Jt. Stip. at 8:15–17. Request for production of documents no. 34 seeks:

> All documents identifying students currently enrolled with Defendants who do not have an IEP.

Jt. Stip. at 8:28–9:1.

9. California Welfare & Institutions Code § 827 sets forth the circumstances under which a juvenile's case file may be inspected.

66 Cal.Rptr.2d 210, 940 P.2d 797 (1997) and California Education Code Section 49076,[10] and may not be released by responding party except pursuant to the order of a court of competent jurisdiction." Jt. Stip. at 6:26–10:4 (footnotes added).

Initially, as plaintiff aptly notes, defendants have not made any relevancy objections to the requests for production of documents from plaintiff. Since defendants waived any relevancy objections by failing to raise them in a timely response to plaintiff's document requests, *Safeco Ins. Co. of America v. Rawstrom,* 183 F.R.D. 668, 671–72 (C.D.Cal.1998); *Mackey v. IBP, Inc.,* 167 F.R.D. 186, 206 (D.Kan.1996), defendants' conclusorily suggestion in the Joint Stipulation that "the relevance of any … documents [requested by plaintiff] is in question[,]" Jt. Stip. at 21:23–22:2, is not well taken.

Defendants object that the requests are overbroad, although limited to a three-year period, since they seek "all" documents pertaining to other residents or students, including meal plans, for example.[11] Jt. Stip. at 25:18–25. To the extent plaintiff's requests can be read to include a request for documents relating to a student's meal plans, the requests are overbroad; however, since defendants have not identified any other irrelevant material they opine is covered by plaintiff's requests, the defendants' overbreadth objection is otherwise denied.

Here, defendants primarily object to plaintiff's document requests by claiming third party privacy rights under the California Constitution, California statutes and California law. However, such reliance is misplaced since plaintiff's claims are under federal law and, as discussed above, federal common law privileges apply. Fed.R.Evid. 501; *Zolin,* 491 U.S. at 562, 109 S.Ct. at 2625; *Kerr v. United States Dist. Ct. for the N. Dist. of Cal.,* 511 F.2d 192, 197 (9th Cir.1975), af-

firmed by, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976); *cf. Gonzalez v. Spencer,* 336 F.3d 832, 835 (9th Cir.) (per curiam) (noting, in civil rights action, "district court could have ordered disclosure [of juvenile court file] notwithstanding state law"), *cert. denied,* 540 U.S. 940, 124 S.Ct. 334, 157 L.Ed.2d 253 (2003). Nevertheless, "[f]ederal courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests." *Soto v. City of Concord,* 162 F.R.D. 603, 616 (N.D.Cal.1995); *Johnson ex rel. Johnson v. Thompson,* 971 F.2d 1487, 1497 (10th Cir. 1992), *cert. denied,* 507 U.S. 910, 113 S.Ct. 1255, 122 L.Ed.2d 654 (1993); *see also Breed v. United States Dist. Ct. for the N. Dist. of Cal.,* 542 F.2d 1114, 1116 (9th Cir.1976) (recognizing "minors' right of privacy" in their California Youth Authority records).

"Resolution of a privacy objection … requires a balancing of the need for the information sought against the privacy right asserted." *Soto,* 162 F.R.D. at 616; *Johnson ex rel. Johnson,* 971 F.2d at 1497. The privacy objection also "must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations.…" *Soto,* 162 F.R.D. at 621. Furthermore, "a carefully drafted protective order [can] minimize the impact of this disclosure." *Soto,* 162 F.R.D. at 616; *Kelly v. City of San Jose,* 114 F.R.D. 653, 662 (N.D.Cal.1987).

■ Here, plaintiff's document requests indisputably implicate significant privacy rights of minors who are not parties to this litigation, as plaintiff concedes. *See* Jt. Stip. at 11:16–17. On the other hand, the information plaintiff seeks is necessary to several of plaintiff's claims. For instance, the information sought could help support plaintiff's claim that "[d]efendants have a practice … of enrolling students at non-public schools without first conducting the legally required assessments," FAC, ¶¶ 63, 73, 91, 116, and

---

**10.** California Education Code § 49076 sets forth the circumstances under which a school district may release information from pupil records.

**11.** In their written objections to plaintiff's document requests, defendants objected that the requests were overbroad because plaintiff was a resident of LBYH and student at Zinsmeyer only

from July to November 2003, and his requests for documents cover the period of January 1, 2002, to the present. However, defendants do not discuss this objection in the Joint Stipulation; thus, the Court infers that explanation of defendant's overbreadth objection has been withdrawn.

the discriminatory intent alleged in plaintiff's ADA, Rehabilitation Act, and Title VI claims. *See* FAC, ¶¶ 45–74, 82–92. Further, "[p]laintiff's need for the requested [information] is great [since it] is unlikely to be available from any other source than [d]efendants' files." *Soto*, 162 F.R.D. at 617; *Kelly*, 114 F.R.D. at 660. Additionally, as plaintiff has suggested, defendants' privacy objections can be appropriately addressed by: (1) redacting the students' identifying information—including names, Social Security numbers, dates of birth, etc.—from the documents produced and, if necessary, using pseudonyms or codes to identify the students, *see Foltz v. State Farm Mut. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir.2003) (holding third-party privacy information can be protected by "[s]imply redacting the identifying information of third parties (e.g., their names, addresses, telephone numbers, and social security numbers) from the[ir] records and disclosing the remaining information"), and, (2) producing documents under a protective order to minimize any invasion of the students' privacy rights. *Id.*; *Johnson ex rel. Johnson*, 971 F.2d at 1497;[12] *see also Lora v. Bd. of Educ. of the City of New York*, 74 F.R.D. 565, 568, 579–87 (E.D.N.Y.1977) (granting, subject to protective order, plaintiffs' motion to compel production of "fifty randomly selected anonymous diagnostic and referral files" from which "all references to each child's identity [were] redacted" to support claim students were assigned to "Special Day Schools for Socially Maladjusted and Emotionally Disturbed Children" in a "capricious, arbitrary and racially discriminatory manner").[13] Coupled with a protective order, it is sufficient for defendants to redact each student's name, Social Security number, date of birth,

address, and telephone number, as well as the student's parent's or guardian's name, address, telephone number, and Social Security number. If defendants redact the student's identification number and similar identifying numbers, they must replace those numbers with some other method of identification, e.g., John Doe I, II, III, etc., by which plaintiff can ascertain whether the documents produced relate to the same or different individuals. Pertinent information, such as the student's race or ethnicity, when the student was admitted into LBYH and Zinsmeyer, the reasons for such admission, whether the student had an IEP, when the IEP was formulated, etc., should not be redacted.

## Site Inspections:

Plaintiff seeks permission to inspect and videotape both LBYH and Zinsmeyer, arguing that a videotape of both facilities would "put his claims into context by being able to present images of Zinsmeyer Academy and LBYH" and show a jury the interrelationship between defendants LBYH and Zinsmeyer since Zinsmeyer is on the grounds of LBYH. Jt. Stip. 29:17–18. Further, plaintiff states he has "agreed not to take photographs while school is in session and not to speak to any students." Jt. Stip. at 29:18–19.

Defendant LBYH opposes any on-site inspection on the ground "Plaintiff's claims revolve around the education that he received, not the residential services that he received." Jt. Stip. at 32:7–8. Nevertheless, defendant LBYH states it "is willing to give Plaintiff" the information he seeks about the "size, dimensions and layouts of the youth home and its proximity to Zinsmeyer." Jt. Stip. at

---

**12.** Contrary to defendants' assertion, *Johnson ex rel. Johnson* does not support defendants' privacy objections; to the contrary, in *Johnson ex rel. Johnson*, the Tenth Circuit held a district court did not abuse its discretion in denying a motion to compel the *identities* of all infants who had participated in a medical study when the defendants "did provide information about the care rendered to each participant in the study." *Johnson ex rel. Johnson*, 971 F.2d at 1497.

**13.** In granting plaintiffs' motion to compel, the *Lora* court set forth other steps a court might take to protect third party privacy rights:

In addition to requiring that all identifying data be redacted and the files coded, the court may order that the information they contain be used solely for the purpose of the pending litigation; strict confidentiality may be enforced under penalty of contempt; the number of copies to be made of the documents may be rigidly regulated; files submitted to the court may be ordered sealed; and all material may be required to be returned to the defendants immediately upon conclusion of this suit. Under such a protective scheme the invasion of the children's privacy will be minimal.
*Lora*, 74 F.R.D. at 582–83.

33:4–9. Defendant Zinsmeyer is "willing to allow a site inspection of its property on a non-school day...." Jt. Stip. at 30:24–25. However, defendant Zinsmeyer raises the concern that any videotape of its facility would contain images that "necessarily contain the personal effects of the students at the school, or the works of the students that are on display"; thus, the identities of the wards could be disclosed. Jt. Stip. at 31:10–13.

■ "Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted." *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir.1978). Here, "plaintiff has made only a vague and general assertion of the need for the inspection[s], unsupported by a substantive declaration establishing the existence of facts demonstrating the need." *Fitzpatrick v. Arco Marine, Inc.*, 199 F.R.D. 663, 664 (C.D.Cal.2001); *Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538, 539 (N.D.Tex.2005). Moreover, an on-site inspection of LBYH is not relevant since the gravamen of plaintiff's complaint does not address LBYH's facility. Finally, plans, dimensions and distances of the property on which LBYH and Zinsmeyer are located can easily be obtained by appropriately framed interrogatories, requests for production of documents or deposition questions of defendants' employees or employees of defendants' parent corporation. Thus, plaintiff has not shown good cause for an on-site inspection and the photographing of LBYH, and plaintiff's motion to inspect and photograph LBYH should be denied.

However, since defendant Zinsmeyer does not oppose plaintiff's request for an on-site inspection, inspection of that facility is a different matter. Moreover, such an inspection undoubtedly would enhance plaintiff's understanding of how the educational process is conducted at Zinsmeyer and how that compares to a public school. On the other hand, plaintiff has not set forth any persuasive rationale as to why an inspection needs to occur on a school day, when it would unnecessarily interrupt the school's activities and intrude upon the students' privacy. There-fore, plaintiff's motion to compel the inspection and the photographing of Zinsmeyer's facility should be granted, provided the photographing occurs on a non-school day when no students are present and does not include recording images containing the personal effects of students, when such effects—for instance, schoolwork with the student's name on it—would serve to easily identify a student. *N.O. v. Callahan*, 110 F.R.D. 637, 640–41 (D.Mass.1986). Moreover, the photographing of Zinsmeyer may include the exterior of the facility, which will undoubtedly, to some extent, show that facility's location vis-a-vis the location of LBYH.

### III

■ "It is well-established that [under the Federal Rules of Civil Procedure,] the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. United States Dist. Court N. Dist.*, 187 F.3d 1096, 1103 (9th Cir.1999); *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210 (9th Cir.2002). However, Rule 26(c) "authorizes a district court to override this presumption where 'good cause' is shown." *San Jose Mercury News, Inc.*, 187 F.3d at 1103. Under Rule 26(c), a protective order should be granted when the moving party establishes "good cause" for the order and "justice requires [a protective order] to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense...." Fed.R.Civ.P. 26(c). "For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted." *Phillips*, 307 F.3d at 1210–11; *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir.), *cert. denied*, 506 U.S. 868, 113 S.Ct. 197, 121 L.Ed.2d 140 (1992). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Beckman Indus., Inc.*, 966 F.2d at 476 (internal quotations marks omitted).

■ The plaintiff seeks a protective order to cover any financial information obtained from defendants LBYH and Zinsmeyer, plaintiff's own Juvenile Court information,

and the Juvenile Court information of any other minor, and that seems quite reasonable to this Court since financial information is usually private and public access to information about wards of the Juvenile Court would undermine protections under California law. Moreover, although plaintiff is now an adult, disclosure of the personal information in his Juvenile Court records, and even the fact that he was a ward of the Juvenile Court, would be embarrassing to plaintiff. Since embarrassment is one of the factors this Court should consider in determining whether to issue a protective order, plaintiff has met his burden under Rule 26(c) to show that a protective order would be appropriate. *Phillips*, 307 F.3d at 1210–11 & n. 1; *Beckman Indus., Inc.*, 966 F.2d at 475–76.

The protective order proposed by plaintiff is a blanket protective order that goes beyond protecting the Juvenile Court records of plaintiff and other minors, and "place[s] upon the parties themselves, or others from whom discovery is sought, the initial burden of determining what information is entitled to protection." *Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 385 (D.Colo. 2000). Since a blanket protective order "alleviat[es] the need for and delay occasioned by extensive and repeated judicial intervention[,]" plaintiff's showing of good cause for entry of a protective order supports the issuance of the protective order proposed by plaintiff. *Id.* at 367. Of course, this Court retains the power to modify or lift any protective order it has entered. *Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir.1995); *Beckman Indus., Inc.*, 966 F.2d at 473.

## ORDER

1. Plaintiff's motion to compel responses to requests for production nos. 37 and 38 from defendant Long Beach Youth Home is granted; however, defendant Long Beach Youth Home may redact from those documents the minor's name, Social Security number, date of birth, address, and telephone number, as well as the minor's parent's or guardian's name, address, telephone number and Social Security number. The student's

identification number should not be redacted unless defendant replaces that number with some other identification method by which plaintiff can ascertain whether the documents produced relate to the same or different individuals.

2. Plaintiff's motion to compel responses to requests for production nos. 2 through 4 and 32 through 34 from defendant Zinsmeyer Academy is granted; however, defendant Zinsmeyer Academy may redact from those documents the minor's name, Social Security number, date of birth, address, and telephone number, and the minor's parent's or guardian's name, address, telephone number and Social Security number. The student's identification number should not be redacted unless defendant Zinsmeyer Academy replaces that number with some other method of identification by which plaintiff can ascertain whether the documents produced relate to the same or different individuals.

3. Plaintiff's motion for an on-site inspection and videotaping of defendant Long Beach Youth Home is denied.

4. Plaintiff's motion for an on-site inspection and videotaping of defendant Zinsmeyer Academy is granted; provided, however, the videotaping occurs on a non-school day when no students are present, and such videotaping does not include recording images containing the personal effects of students that would serve to easily identify the student.

5. Plaintiff's motion for a protective order is granted, and the Court will sign the order proposed by plaintiff.