[No. 55796-3-I.   Division One.   May 8, 2006.]

PAUL GILLETT ET AL., *Respondents*, v. MICHAEL HAROLD CONNER, JR., *Defendant*, KATIE FLETCHER, *Petitioner*.

---

*Daniel T. Parsons* (of *Roy, Simmons & Parsons, P.S.*), for petitioner.

*Mark A. Kaiman* (of *Lustick Law Firm*) and *Peter L. Buck* and *Cristina L. Jorgenson* (of *Buck & Gordon, L.L.P.*), for respondents.

¶1 DWYER, J. — Paul and Gail Gillett, owners of residential property, filed a complaint including a claim for nuisance against their neighbor, Katie Fletcher, and her friend, Michael Conner, Jr. The superior court subsequently granted the Gilletts' motion to compel discovery under CR 34, permitting them to inspect and photograph the interior and exterior of Fletcher's residence, all outbuildings, and the land. This court granted discretionary review to resolve issues concerning the correct procedure for trial courts to follow when presented with a CR 34 discovery request. We find that discovery orders issued pursuant to CR 34 must give effect to the full text of CR 26(b) by defining the scope of discovery while preventing undue burdens upon the party from whom discovery is sought. Accordingly, in crafting orders pursuant to CR 34, a trial court must balance the degree to which the proposed inspection would aid in the search for truth against the burdens and dangers posed by the inspection and limit the frequency or extent of use of the discovery methods to prevent any undue burden. Because the trial court in this case was presented with insufficient authority on this issue and, thus, did not balance these competing interests, we vacate the discovery order at issue and remand the matter to the trial court for further proceedings.

## FACTS

¶2 On April 15, 2004, Paul and Gail Gillett, owners of residential property on Orcas Island in San Juan County, Washington, filed a complaint in the San Juan County Superior Court against their neighbor, Katie Fletcher, and her friend, Michael Conner, Jr., who lives on Fletcher's prop-

erty.[1] The Gilletts claimed that Fletcher created a nuisance by: (1) threatening to operate a glass-blowing business out of her residence, in violation of law; (2) using a chainsaw to annoy or harass the Gilletts; (3) allowing debris, refuse, and inoperable motor vehicles to accumulate; (4) installing an electrified fence; (5) failing to properly maintain an enclosed horse paddock, causing it to be unsafe and unsanitary; (6) failing to properly maintain the Fletcher septic system, resulting in an odor of sewage; (7) failing to obtain required permits and approvals for the remodel or enlargement of her residence; and (8) allowing her residence to overlap a platted street.

¶3 On February 18, 2005, the Gilletts moved for an order allowing them to inspect, measure, photograph, test, and sample Fletcher's property. On February 28, 2005, the superior court heard oral argument on the motion. At the hearing on the motion, the Gilletts stated, for the first time, their belief that the house was being used for the production of methamphetamine. Fletcher presented scant legal argument, much of which was inapplicable or conclusory. Fletcher did assert that the request to photograph the interior of the home was "outrageous and offensive" and that there was "absolutely no basis for such a request." Clerk's Papers at 24. Fletcher's argument at the hearing on the motion emphasized the "power struggle" between the parties.

¶4 The superior court granted the Gilletts' motion.

¶5 This court granted discretionary review to resolve questions concerning the procedure for deciding a discovery request under CR 34.

## ANALYSIS

¶6 Fletcher asserts that the trial court erred by failing to balance the necessity and reasonableness of the inspection

---

[1] For the sake of brevity, Conner and Fletcher will be referred to collectively as "Fletcher."

against the burden represented by the invasion of her privacy. We agree.

## Standard of Review

¶7 A trial court has wide discretion in ordering pretrial discovery; such orders are reviewed for manifest abuse of discretion. *Demelash v. Ross Stores, Inc.*, 105 Wn. App. 508, 20 P.3d 447 (2001); *Hertog v. City of Seattle*, 88 Wn. App. 41, 47, 943 P.2d 1153 (1997). A trial court abuses its discretion when its order is manifestly unreasonable or based on untenable grounds. *See, e.g.*, *Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wn.2d 299, 339, 858 P.2d 1054 (1993). A trial court necessarily abuses its discretion if it applies the incorrect legal standard. *Fisons*, 122 Wn.2d at 339.

## Discovery under Washington Law

¶8 A trial court must manage the discovery process in a fashion that promotes "full disclosure of relevant information while protecting against harmful side effects." *Kramer v. J.I. Case Mfg. Co.*, 62 Wn. App. 544, 556, 815 P.2d 798 (1991).

¶9 Pursuant to CR 34(a)(2), a party may request that another party permit entry upon designated land or other property "for the purpose of inspection and measuring, surveying, photographing, testing, or sampling the property or any designated object or operation thereon," within the scope of CR 26(b).

¶10 CR 26(b)(1) provides a broad definition of relevancy. "Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." Discovery is allowed for any matter that appears reasonably calculated to lead to the discovery of admissible evidence. CR 26(b)(1). *See, e.g.*, *Barfield v. City of Seattle*, 100 Wn.2d 878, 676 P.2d 438 (1984); *Bushman v. New Holland Div. of Sperry Rand Corp.*, 83 Wn.2d 429, 434, 518 P.2d 1078 (1974).

¶11 CR 26(b)(1) also states that a court may limit discovery where it would be unduly burdensome, whether or not a party to the dispute so requests. Specifically, CR 26(b)(1) provides, in part, that the frequency or extent of use of the discovery methods shall be limited by the court if it determines that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another more convenient, less burdensome, or less expensive source, or "the discovery is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation. The court may act upon its own initiative after reasonable notice or pursuant to a motion under [CR 26(c)]." CR 26(b)(1).

¶12 Finally, under CR 26(c) the court, for good cause shown, may make any order justice requires in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." CR 26(c); *Rhinehart v. Seattle Times Co.*, 98 Wn.2d 226, 232, 654 P.2d 673 (1982), *aff'd*, 467 U.S. 20, 104 S. Ct. 2199, 81 L. Ed. 2d 17 (1984).

## Comparison with Related Federal Law

¶13 Washington cases involving land inspections are "sparse." 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE §§ 50.1, 50.2, at 327-28 (2006). When the language of a Washington rule and its federal counterpart are the same, courts look to decisions interpreting the federal rule for guidance. *Am. Disc. Corp. v. Saratoga W., Inc.*, 81 Wn.2d 34, 37-38, 499 P.2d 869 (1972). The relevant portions of CR 34(a)(2) and CR 26(b) and (c) are substantially the same as the corresponding portions of Federal Rules of Civil Procedure 34 and 26.

¶14 Federal Rule of Civil Procedure 26(b) permits discovery of "any matter, not privileged, that is relevant to the claim or defense of any party" subject to the limitation that

otherwise permissible discovery may nonetheless be limited where (1) it is "unreasonably cumulative or duplicative" or can be obtained from a less burdensome source, (2) "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought," or (3) "the burden or expense of the proposed discovery outweighs its likely benefit." *See, e.g., Dusa Pharms., Inc. v. New Eng. Compounding Pharm., Inc.*, 232 F.R.D. 153 (D. Mass. 2005); FED. R. CIV. P. 26(b).

¶15 The limitations in Fed. R. Civ. P. 26(b)(2) are, for purposes of this analysis, substantially the same as the limitations imposed by the latter portion of CR 26(b)(1). Regardless of the differences in form between Fed. R. Civ. P. 26(b)(2) and the latter portion of CR 26(b)(1), both call for substantially the same inquiry by the court. Specifically, the court is required to limit discovery to prevent undue burdens.

¶16 Federal cases recognize the unique burdens and risks inherent to an entry upon land. " 'Since entry upon a party's premises may entail greater burdens and risks than mere production of documents, a greater inquiry into the necessity for inspection would seem warranted.' " *Micro Chem., Inc. v. Lextron, Inc.*, 193 F.R.D. 667, 669 (D. Colo. 2000) (quoting *Belcher v. Bassett Furniture Indus., Inc.*, 588 F.2d 904, 908 (4th Cir. 1978)). Accordingly, in the context of discovery requiring entry upon land, the court must balance the degree to which the proposed inspection will aid in the search for truth against the burdens and dangers created by the inspection. *Belcher*, 588 F.2d at 908.[2]

¶17 Recent revisions to the federal discovery rules imposed changes designed to address concerns about the overbreadth and expense of discovery, and to remind courts and litigants that, in determining what discovery should take place in a particular case, "Rule 26(b)(1) is but the first step, necessarily followed by balancing the Rule 26(b)(2)

---

[2] Although the court in *Belcher* based this balancing requirement on Fed. R. Civ. P. 26(c), its rationale supports a balancing of interests under Fed. R. Civ. P. 26(b)(2) or CR 26(b)(1).

factors." *Thompson v. Dep't of Hous. & Urban Dev.*, 199 F.R.D. 168, 171 (D. Md. 2001). The use of these limiting factors is particularly appropriate in the context of discovery under Rule 34. *Thompson*, 199 F.R.D. at 171.

¶18 Federal cases demonstrate the types of limits courts have imposed as to the time, place, and manner of inspections. These include limits on what specific items or areas may be examined;[3] limits on who may conduct the inspection and who may be present during the inspection;[4] limits on the nature of the inspection;[5] and requirements that all testing, sampling, and measuring be nondestructive.[6]

## Balancing Required

¶19 In crafting orders pursuant to CR 34, a trial court must balance the degree to which the proposed inspection would aid in the search for truth against the burdens and dangers posed by the inspection, and limit the frequency or extent of use of the discovery methods to prevent undue burdens. This result is required by operation of CR 26(b)(1), even in the absence of a motion for a protective order under CR 26(c). This requirement presupposes the trial court's reasoned evaluation of the burdens and benefits of the specific discovery request.

---

[3] *Keith H. v. Long Beach Unified Sch. Dist.*, 228 F.R.D. 652 (C.D. Cal. 2005) (student allowed to photograph school, but not on a school day and not photographing students' personal effects); *Schwab v. Wyndham Int'l, Inc.*, 225 F.R.D. 538 (N.D. Tex. 2005) (plaintiff denied unrestricted access to corporate headquarters where most of area not relevant to claim, several areas contained confidential and proprietary information).

[4] *Belcher*, 588 F.2d 904; *United States v. Moss-Am., Inc.*, 25 Fed. R. Serv. 2d 203 (E.D. Wis. 1977) (court appointed special master to supervise sampling of land in pollution lawsuit); *N.Y. State Ass'n for Retarded Children v. Carey*, 706 F.2d 956, 960 (2d Cir. 1983) (number of people conducting observation limited to four).

[5] *N.O. v. Callahan*, 110 F.R.D. 637 (D. Mass. 1986) (filming on premises permitted so long as it does not interfere with operations of mental health facilities).

[6] *In re Newman*, 782 F.2d 971, 974 (Fed. Cir. 1986) (error to order destructive testing of machine); *Dabney v. Montgomery Ward & Co.*, 761 F.2d 494 (8th Cir. 1985) (limit on destructive testing).

¶20 The trial court is inarguably in the best position to determine the nature and extent of the burdens and risks, the need for any limits on inspection, and the appropriate means to limit an inspection.[7] By controlling the extent and nature of allowable inspections, the trial court can facilitate the resolution of disputes while protecting against discovery abuse by either party.

¶21 Without a balancing of these competing interests on the record, however, appellate courts have no means to determine whether the trial court properly acted within its discretion.

¶22 In the instant case, the record indicates that the trial court did not undertake an analysis of the burdens and risks the Gilletts' discovery request posed to Fletcher's privacy, but, instead, considered only the test for relevance under CR 26(b)(1).[8] Thus, the court applied the incorrect legal standard. We note that the trial court did not have the benefit of being briefed on the federal authorities that Fletcher has since discovered. Furthermore, Fletcher made neither a request for limitations on the discovery order under CR 26(b)(1) nor a motion for a protective order under CR 26(c), a state of affairs which unquestionably made the trial judge's task more difficult.

¶23 However, the Gilletts sought access to photograph and test the inside of a private home in pursuit of their civil nuisance claim. The order permitting this discovery would allow the Gilletts to enter every room of the house and photograph or test every item in the house. Although the Gilletts might find relevant evidence through such a process, the burdens and risks this procedure poses to Fletcher's privacy interests are substantial.

¶24 Accordingly, we vacate the order compelling discovery and remand the matter to the trial court to exercise its

---

[7] The need for such limitations is augmented, not diminished, by the broad definition of relevancy set forth in CR 26(b)(1).

[8] Gilletts' counsel argued that the only proper limiting factor for the trial court's consideration was the broad relevancy standard of CR 26(b)(1). In the absence of cited authority to the contrary, the trial court accepted this argument.

discretion in balancing the degree to which the proposed inspection would aid in the search for truth against the burdens and dangers posed by the inspection, and to fashion any necessary limitations on the scope and extent of the discovery.

¶25 Remanded.

AGID and COX, JJ., concur.