**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In re Parenting and Support of A.L. | No. 86086-1-I |
| LEANNE LOWE, | DIVISION ONE |
| Appellant, | UNPUBLISHED OPINION |
| and | |
| ISAGANI DE LEON, | |
| Respondent. | |

MANN, J. — Leanne Lowe petitioned to modify the parenting plan for her child, A.L., based on her claim that A.L.'s father, Isagani De Leon, failed to exercise his residential time. De Leon, a resident of Canada, argued that the missed visits occurred during the COVID-19 pandemic, and that the border closure and other difficulties surrounding the pandemic caused him to miss scheduled residential time. The trial court denied the petition and found Lowe intransigent. Lowe appeals and argues that the trial court abused its discretion by finding her intransigent and awarding attorney fees and costs to De Leon. We affirm.

I

Lowe and De Leon dated for almost a year between 2013 and early 2014. Lowe and De Leon stopped dating before A.L. was born. Lowe is a resident of Issaquah, Washington and De Leon is a resident of Vancouver, Canada. De Leon met A.L. for the

first time in 2018. A final parenting plan was entered in 2019. The parenting schedule allowed De Leon to FaceTime with A.L. at least two times per week until September 2020, after which FaceTime would occur one time per week.[1] The schedule also provided that A.L. have residential time with De Leon the first and third weekend of every month in the Seattle metropolitan area. The visits during summer, school breaks, or on holiday weekends were allowed to occur in Canada. The parenting plan provided that De Leon would provide all vehicle transportation to facilitate his residential time.

On October 19, 2021, Lowe moved for a temporary order to modify the parenting plan because De Leon failed to exercise residential time for over a year. She sought approval of a parenting plan or residential schedule, child support, and attorney fees. She also moved for an adequate cause decision to change the parenting plan. In a supporting declaration, Lowe asked the trial court to replace the parenting plan with her proposed temporary plan. Lowe proposed that De Leon have residential time two times per year. From the record it is unclear whether the proposed temporary plan was filed.

On October 26, 2021, Lowe petitioned to modify the parenting plan based on De Leon's failure to exercise residential time for an extended period under RCW 26.09.260(8).[2] Lowe requested restrictions on De Leon based on his choice to not spend parenting time for at least one year and asked for adjustment "as shown in my proposed parenting plan or residential schedule." No other changes were requested. Lowe did not submit a proposed parenting plan with the petition. In response, De Leon

---

[1] FaceTime is a proprietary video and audio service developed by Apple.
[2] "If a parent with whom the child does not reside a majority of the time voluntarily fails to exercise residential time for an extended period, that is, one year or longer, the court upon proper motion may make adjustments to the parenting plan in keeping with the best interests of the minor child." RCW 26.09.260(8)(a).

asserted that the lack of in person visitation was because of the COVID restrictions that closed the Canadian border, and other difficulties surrounding air travel as an alternative. He asserted that he continued to FaceTime A.L. according to the parenting plan.

On November 9, 2021, the trial court found there was adequate cause to hold a hearing or trial on the petition and ordered that the 2019 parenting plan remain in effect. But the trial court ruled that if De Leon failed to exercise his residential time three times in 90 days, his residential time would be reduced to one weekend per month.

After several months of discovery, the parties agreed to a trial date of July 17, 2023. The trial court estimated the length of trial to be six days. The parties disclosed potential witnesses and, based on Lowe's disclosures, De Leon asserted that the matter should be limited to the issues set forth in the October 26, 2021 petition. A pretrial conference was held on June 16, 2023. Lowe did not appear at the pretrial conference. During the pretrial conference, the trial court explained that the issues at trial would be confined to the issues raised in the October 26, 2021 petition. The trial court's trial management order noted the narrow scope of Lowe's petition which determined the issues to be addressed at trial and reduced the trial to three days.

At trial, Lowe testified that De Leon did not exercise his residential time according to the parenting plan. Lowe testified that De Leon was inconsistent with communicating about residential time and that even though he was vaccinated and expressed concerns about flying, De Leon did in fact fly for work. She testified that despite planning a two-week visit in the summer of 2021, De Leon did not exercise his right to visit. Lowe

testified that De Leon missed visits after COVID. Lowe explained how inconsistent visits interfered with A.L.'s activities, particularly cheerleading.

De Leon testified that he never intentionally missed a visit before COVID. He testified that when the border closed during COVID he communicated with Lowe that he could not make a visit as the pandemic unfolded. He also testified that visitation by flying from Canada to Seattle was never discussed with Lowe and that the parenting plan did not contemplate him flying to exercise his residential time. De Leon testified to the impracticality of taking an international flight during COVID for each visit. He also testified that he lost his job in the summer of 2020 which impacted his ability to travel and make his visits. He testified that he attempted to schedule visits for summer of 2021 in anticipation of the border reopening but the border did not in fact reopen until November 2021.

On October 19, 2023, the trial court entered a final order denying the petition to change the parenting plan. The court determined that De Leon complied with the parenting plan "for the most recent 21 months, which cures Petitioner's allegations of missed parenting time." The trial court further found that De Leon's missed residential time during COVID was reasonable and that those missed visits were not voluntary and were excused. The trial court also determined that Lowe's requests for changes exceeded the scope of the petition and it therefore did not address those requests. The trial court found Lowe to be intransigent but determined there was insufficient basis to make a finding of abusive litigation.

De Leon submitted a declaration of counsel supporting an award of attorney fees associated with the petition in the amount of $44,548.

-4-

After Lowe's unsuccessful motion for reconsideration, on November 20, 2023, the trial court entered an order for attorney fees and costs in the amount of $12,750 to be paid by Lowe. The order incorporated the final order and findings entered on October 19, 2023.

Lowe appeals.

II

Lowe asserts the trial court abused its discretion by awarding attorney fees and costs to De Leon based on her intransigence.

We review the trial court's award of attorney fees for an abuse of discretion. Mattson v. Mattson, 95 Wn. App. 592, 604, 976 P.2d 157 (1999). "A trial court abuses its discretion if its decision is manifestly unreasonable or based on untenable grounds or untenable reasons." In re Marriage of Littlefield, 133 Wn.2d 39, 46-47, 940 P.2d 1362 (1997). "A court's decision is manifestly unreasonable if it is outside the range of acceptable choices, given the facts and the applicable legal standard; it is based on untenable grounds if the factual findings are unsupported by the record; it is based on untenable reasons if it is based on an incorrect standard or the facts do not meet the requirements of the correct standard." Littlefield, 133 Wn.2d at 47.

"Unchallenged findings of fact are verities on appeal." In re Welfare of A.W., 182 Wn.2d 689, 711, 344 P.3d 1186 (2015). A finding of fact is sustained on appeal if supported by substantial evidence. In re Marriage of Katare, 175 Wn.2d 23, 35, 283 P.3d 546 (2012). "Substantial evidence is that which is sufficient to persuade a fair-minded person of the truth of the matter asserted." Katare, 175 Wn.2d at 35.

A

Lowe first argues that the trial court's finding of her intransigence is not supported by substantial evidence. We disagree.

The decision to award attorney fees is within the trial court's discretion. In re Marriage of Crosetto, 82 Wn. App. 545, 563, 918 P.2d 954 (1996). A court may award attorney fees on the basis that one party's intransigence caused the other party to incur additional legal fees. In re Marriage of Bobbitt, 135 Wn. App. 8, 30, 144 P.3d 306 (2006). "Awards of attorney fees based upon the intransigence of one party have been granted when the party engaged in foot-dragging and obstruction . . . or simply when one party made the trial unduly difficult and increased legal costs by his or her actions." Katare, 175 Wn.2d at 42. An award of fees based on a party's intransigence requires a showing that the behavior caused the party seeking the award "to require additional legal services." Crosetto, 82 Wn. App. at 563.

"The party challenging the trial court's decision bears the burden of proving the trial court exercised its discretion in a way that was 'clearly untenable or manifestly unreasonable.'" Crosetto, 82 Wn. App. at 563 (quoting In re Marriage of Knight, 75 Wn. App. 721, 729, 880 P.2d 71 (1994)).

Here, the trial court found Lowe intransigent for exceeding the scope of issues alleged in the petition:

> The court finds Petitioner's positions leading up to and presented at trial greatly exceeded the requests in her petition. It was only this court's trial management order which scaled trial time to only those issues alleged in the petition. The court finds Petitioner unreasonably pursued issues not alleged in her petition which led to Respondent incurring unnecessary attorney fees and costs. The court finds Petitioner intransigent. The court

-6-

finds an award of attorney fees to Respondent, payable by Petitioner, is reasonable.

The trial court's finding is supported by substantial evidence. In preparation for trial, Lowe disclosed nearly 40 witnesses, some of whom would testify about matters irrelevant to the issue of De Leon's missed visits. For example, the list of witnesses included three of A.L.'s dance and cheerleading coaches, several witnesses to testify as to Lowe's parenting skills, and two King County Sheriffs to testify as to alleged child abuse by De Leon of Lowe's other children. Even after the trial court explained the narrow issues to be addressed at trial, Lowe's trial brief focused on modifications in excess of whether De Leon's time should be reduced as a result of his failure to exercise residential time. And Lowe conceded that De Leon had been exercising his residential time consistently in the months preceding trial. Lowe's testimony confirmed that she sought several modifications as a result of changed circumstances unrelated to De Leon's missed visits during COVID. Additionally, the matter was pending for nearly two years and Lowe did not amend the petition to raise any additional bases for modification.

Lowe fails to meet her burden of demonstrating that the trial court's exercise of discretion was manifestly unreasonable.

B

Lowe next contends that the trial court's trial management order erroneously held Lowe to a claim pleading standard when De Leon was on notice of all the issues and modifications sought by Lowe. We disagree.

A trial court has wide discretion in making pretrial rulings and trial management decisions. Gillett v. Conner, 132 Wn. App. 818, 822, 133 P.3d 960 (2006). The trial court has broad discretion to allow amendments to pleadings to conform to the evidence "when issues not raised by the pleadings are tried by express or implied consent of the parties." CR 15(b); Mukilteo Ret. Apts., L.L.C. v. Mukilteo Invs. L.P., 176 Wn. App. 244, 255-56, 310 P.3d 814 (2013).

Here, Lowe did not move to amend her petition and she did not file a proposed parenting plan with her petition. Lowe points to the temporary proposed parenting plan but Lowe's petition did not incorporate the temporary proposed plan. And even if the proposed temporary plan had been incorporated in the petition, it proposed a narrow modification of reducing De Leon's residential time. In contrast, the proposed parenting plan submitted by Lowe shortly before trial included several modifications—including a provision that if De Leon missed more than two visits in a six-month period, his time would be reduced to once per month. Lowe's proposed plan also included removal of the FaceTime schedule, modification of the location of De Leon's residential time, modification of which parent is responsible for arrangement and payment of exchanges, conditions on De Leon for visits, modification of communication methods, and removal of several provisions related to international travel. Lowe unsuccessfully attempts to classify all the modifications as appropriate remedies to De Leon's failure to exercise residential time.

Lowe fails to demonstrate that the trial court abused its discretion in the trial management order when it limited the scope of trial to conform to the matters raised in the petition.

III

De Leon requests attorney fees and costs on appeal based on Lowe's intransigence.

The trial court found Lowe intransigent below. Where an intransigent party appeals the result, this justifies an award of fees and costs on appeal. In re Marriage of Wallace, 111 Wn. App. 697, 710, 45 P.3d 1131 (2002) (citing Mattson, 95 Wn. App. at 606). If intransigence is established, we need not consider the parties' resources. Crosetto, 82 Wn. App. at 564. Based on Lowe's intransigence at trial and her appeal of that outcome, we award De Leon his attorney fees and costs on appeal, subject to compliance with RAP 18.1(d).

We affirm.[3]

_____Mann, J._____

WE CONCUR:

_____Díaz, J._____            _____

---

[3] Lowe assigns error to the amount of the attorney fees award but provides no argument on the issue. Lowe also assigns error to the trial court's denial of her motion for reconsideration and to several findings in the final order on her petition to change the parenting plan. However, Lowe fails to address the errors in her opening brief and thus she waives the assignments. Brown v. Vail, 169 Wn.2d 318, 336 n.11, 237 P.3d 263 (2010) ("A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment.").