[No. 14354-6-III.    Division Three.    August 1, 1996.]

SHANNON SOREY, *Appellant*, v. BARTON OLDSMOBILE, *Respondent*.

*Jeffry K. Finer, Robyn L. Pugsley*, and *Finer & Pugsley*, for appellant.

*Michael L. Loft* and *Layman, Loft, Arpin & White*, for respondent.

SWEENEY, C.J. — This case involves a claim for overtime pay pursuant to RCW 49.46.130. The trial court concluded that Shannon Sorey's claim for overtime pay was subject to a two-year statute of limitations and dismissed that part of his claim for overtime compensation which fell

outside of the two-year statute. The question presented here is whether Mr. Sorey's claim is "an action . . . for any other injury to the person or rights of another" and subject to a three-year statute of limitations, RCW 4.16.080(2), or whether, instead, it falls within the general catchall two-year statute of limitations. We conclude that the three-year statute applies because Mr. Sorey's claim falls generally within the purview of "any other injury to the person . . . ." We therefore reverse.

## FACTS

Mr. Sorey worked as a service advisor/writer for Barton Oldsmobile from October 6, 1990 to May 23, 1993. He worked Monday through Friday from 6:30 a.m. to 5:00 p.m. Mr. Sorey was paid $1,400 per month plus a one percent commission on gross sales of services performed by Barton. The overtime pay statute, RCW 49.46.130, requires an employer to pay certain specified employees time and a half for all work over 40 hours per week. On September 15, 1993, Mr. Sorey sued for overtime pay. Following a motion for summary judgment, the court dismissed his claims for "overtime compensation and related statutory relief" for the period prior to September 14, 1991 because they were time barred by the two-year statute of limitations. Mr. Sorey appeals.

## DISCUSSION

■ The question presented is one of law which we review de novo. *Shafer v. Board of Trustees of Sandy Hook Yacht Club Estates, Inc.*, 76 Wn. App. 267, 273, 883 P.2d 1387 (1994), *review denied*, 127 Wn.2d 1003 (1995).

The three-year statute of limitations includes:

> (2) An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinbefore enumerated;

> (3) . . . an action upon a contract or liability, express or

implied, which is not in writing, and does not arise out of any written instrument[.]

RCW 4.16.080. The two-year catchall statute of limitations includes "[a]n action for relief not hereinbefore provided for . . . ." RCW 4.16.130.

Barton Oldsmobile relies on *Cannon v. Miller*, 22 Wn.2d 227, 155 P.2d 500, 157 A.L.R. 530 (1945), for its position that Mr. Sorey's claim is subject to the two-year statute. In *Cannon*, two plaintiffs brought separate actions to recover unpaid wages and overtime compensation against the defendant under the Fair Labor Standards Act of 1938 (29 U.S.C.A. §§ 201-219). They asserted that the time and a half requirements of the Fair Labor Standards Act in Washington became a part of their employment contracts and their actions were therefore subject to the three-year contract statute of limitations. The defendant argued that the actions brought under the Fair Labor Standards Act were governed by the two-year statute and, therefore, the plaintiffs' recovery was limited to the two years before the filing of the complaints. *Cannon*, 22 Wn.2d at 239.

Like the state statute in question here, the Fair Labor Standards Act required overtime pay at the rate of one and one-half times the regular pay. *Id.* at 230. The court in *Cannon* framed the issue as follows:

> The question then to be determined in this case is whether an action to recover overtime compensation, liquidated damages, and attorney's fees, as provided by the fair labor standards act, is *an action upon contract or an action upon a liability created by statute.*

*Id.* at 241 (emphasis added). It concluded that the liability was not created by the plaintiffs' contracts of employment, but rather directly followed from a statute, the Fair Labor Standards Act. The liability "would not exist but for the statute." *Id.* at 241. Because the overtime pay obligation arose out of a statute rather than a contract, the court held the two-year statute of limitations applied. *Id.* at 248-49.

■ Significantly, the court in *Cannon* did not address the question presented here — whether the violation of the overtime compensation statute falls within the "injury to the person or rights of another" language of the three-year statute of limitations. Mr. Sorey argues that *Cannon* is distinguishable for that reason. We agree and, with a brief review of this state's authority on the question, explain why.

In *Luellen v. City of Aberdeen*, 20 Wn.2d 594, 148 P.2d 849 (1944), *overruled by Stenberg v. Pacific Power & Light Co.*, 104 Wn.2d 710, 709 P.2d 793 (1985),[1] the City fired the plaintiff from his position as a police officer. He brought an action to require reinstatement in order to apply for retirement benefits and his pension. The question before the court was whether the claim fell within the three-year statute of limitations (Rem. Rev. Stat. § 159). *Luellen*, 20 Wn.2d at 603. The court noted that the three-year statute has "reference to direct invasions of personal or property rights." *Id.* at 603. In construing the language of the three-year statute, it concluded that "[t]he language used by the legislature is broad and was intended to cover injury to that kind of property that is intangible in nature, especially when the injury consists of some direct, affirmative act which prevents another from securing, having, or enjoying some valuable right or privilege." *Id.* at 604. The court held that the claim fell within the three-year statute of limitations.

In *State ex rel. Bond v. State*, 59 Wn.2d 493, 497, 368 P.2d 676 (1962), *overruled by Stenberg*, 104 Wn.2d 710,[2] the question presented was whether the three-year or two-

---

[1]Shepard's Washington Citations indicates *Stenberg* overruled *Luellen* in its rejection of the direct/indirect statute of limitations analysis of *Northern Grain & Warehouse Co. v. Holst*, 95 Wash. 312, 163 P. 775 (1917). But *Luellen* is not a "progeny" of *Northern Grain* and, therefore, the Shepard's citation is misleading. *Luellen* distinguished and did not rely on *Northern Grain*: "The cases [including *Northern Grain*] are cited as a construction of the statute [of limitations], but, beyond that, they are not applicable to the facts of this case." *Luellen*, 20 Wn.2d at 603.

[2]As in *Luellen*, Shepard's Washington Citations lists *Bond* as being overruled by *Stenberg*. But the court in *Bond* distinguished *Northern Grain & Warehouse*

year statute of limitations should apply to a statutory veteran's preference in public employment (RCW 73.16.010). *Bond* placed the dispute over the applicable statute of limitations, for causes of action created by statute, in its proper perspective:

> All of the discussion about "a liability created by a statute," is a red herring. We do not have a statute of limitations, as many states do, specifically applicable to an action for a liability created by statute.

*Bond*, 59 Wn.2d at 497. The court observed that an action on a liability created by statute may, or may not, fall within the two-year catchall statute. *Id.* at 498. "Such an action does not fall within the 'catch-all' statute unless there is no other statute of limitations applicable thereto, i.e., it is 'an action for relief not hereinbefore provided for.' " *Id.* at 498. According to *Bond*, *Cannon* and other cases decided based upon whether liability was created by statute stand for the proposition that RCW 4.16.080(3) (contract limitations) "applie[s] only to contractual liabilities and not to liabilities created by a statute." *Bond*, 59 Wn.2d at 497-98.

The court in *Bond* also distinguished *Cannon* by noting that the *Cannon* court did not come to its conclusion simply because "it was an action on a liability created by statute" but rather because there was no other provision of the statute of limitations cited by the parties which was applicable. Implicit in the analysis is that if subsection (2) of RCW 4.16.080 had been argued in *Cannon*, the result may well have been different.

Similarly, in *Lewis v. Lockheed Shipbuilding & Constr. Co.*, 36 Wn. App. 607, 613, 676 P.2d 545 (1984) and *Goodman v. Boeing Co.*, 75 Wn. App. 60, 77, 877 P.2d 703 (1994), *aff'd*, 127 Wn.2d 401, 899 P.2d 1265 (1995), this court has held that the three-year statute of limitations applies to

---

Co. v. Holst, 95 Wash. 312, 163 P. 775 (1917): "The conduct of the public officials in the *Northern Grain & Warehouse Co.* case cannot be compared with the direct invasion of the relator's personal right to preferential employment by the respondents in the present case." *Bond*, 59 Wn.2d at 499.

suits for discrimination which are also strictly creatures of statute (RCW 49.60). The court in *Lewis* observed that "where the defendant directly invades a legally protected interest of the plaintiff, the 3-year statute applies." *Lewis*, 36 Wn. App. at 612.

Finally, in *Stenberg*, 104 Wn.2d at 720, the Supreme Court observed that the cases preceding *Northern Grain & Warehouse Co. v. Holst*, 95 Wash. 312, 163 P. 775 (1917), had viewed the catchall provision "to ensure a limitation provision for any possible cause of action not covered by the other provisions." *Stenberg*, 104 Wn.2d at 721. The court held the statutory language of RCW 4.16.080(2) is clear and "should apply to any other injury to the person or rights of another not enumerated in other limitation sections." *Id.* at 720. In so doing, the court noted

> [t]he term "injury to person", where used in a limitation statute, generally is given a comprehensive meaning and has in most instances been construed as broad enough to cover actions for consequential damages.

*Id.* at 720. The court in *Stenberg* "return[ed] to the original understanding of the statutes: The catchall provision serves as a limitation for any cases not fitting into the other limitation provisions." *Id.* at 721.

Based on this case law, we conclude that *Cannon* stands for no more than the proposition that a claim based ᵕ ᵇₑon wage and hour statutes is not a contract claim. That ᵖoposition does not in any way diminish the argument at violation of a wage and hour statute is an invasion of personal right subject to the three-year statute of limitaᵢns and we so hold.

The judgment of the trial court is reversed and this case remanded for further proceedings.

MUNSON and THOMPSON, JJ., concur.

Review granted at 131 Wn.2d 1001 (1997).