# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

In re the Matter of the Writ of Mandamus)
of CARL ALONZO BROOKS.          )
          )
CARL ALONZO BROOKS,          )
          )
      Appellant,       )
          )
     v.       )
          )
KING COUNTY SUPERIOR COURT )
and the STATE OF WASHINGTON, )
          )
      Respondent.     )
          )

DIVISION ONE

No. 76846-8-I

UNPUBLISHED OPINION

FILED: April 22, 2019

DWYER, J. — Carl Alonzo Brooks filed a petition for writ of mandamus against King County and the State of Washington Department of Corrections (DOC) seeking back wages under a theory that DOC and King County owed him a past duty to guarantee him a minimum wage job while he was incarcerated at various DOC facilities. On King County's and DOC's motions for dismissal, the trial court dismissed all of Brooks' claims and ruled that Brooks' lawsuit was frivolous. Brooks appeals, asserting that the trial court erred by dismissing his claims against King County and DOC and by ruling that his lawsuit was frivolous.

Brooks failed to properly serve King County. His claims against both King County and DOC were barred by the applicable statute of limitation. Therefore, we affirm the trial court's order dismissing Brooks' claims against King County and finding that Brooks' lawsuit was frivolous.

Brooks failed to specify in his notice of appeal that he was appealing from the order dismissing his claims against DOC. Such a specification is required to perfect an appeal from a trial court decision. Thus, we dismiss his appeal from that order.

I

This appeal arises from an action brought by Brooks entitled "Petition for Writ of Mandamus." Brooks filed the petition seeking back wages from DOC and King County in the amount of $605,844.40. According to Brooks, he was entitled to a minimum wage job while incarcerated at various DOC facilities from 1990 through 2005, and it was only through the discriminatory acts of DOC employees that he was denied the wages he would have earned by working at such a job during that time period. Brooks served his lawsuit on King County by mailing copies of his petition and summons to the clerk of the King County Superior Court and to the King County Prosecutor.

Both DOC and King County moved for dismissal, with prejudice, of all of Brooks' claims.[1] King County asserted that Brooks had failed to comply with the requirements for sufficient service of process, that all of his claims were barred by the applicable statute of limitation, that his petition failed to state a cognizable claim against King County, and that his legal action was frivolous. DOC asserted that Brooks had an adequate remedy at law and thus was precluded from filing a

---

[1] Brooks failed to file any timely response to these motions. Instead, on the morning of the hearing on King County's and DOC's motions for dismissal, counsel for King County received a response brief, a cross motion for summary judgment, and a motion requesting a continuance from Brooks. Neither the trial court nor counsel for DOC received these documents. No cross motion was noted before the court.

writ of mandamus action, that he could not petition for a writ of mandamus that sought an award of money damages, that all of his claims were barred by the applicable statute of limitation, and that his lawsuit was frivolous.

The trial court granted both DOC's and King County's motions to dismiss with prejudice. The trial court explained that it granted King County's motion both because Brooks failed to properly serve process on King County and because his petition failed to state any cognizable claim against King County. The trial court further clarified that it dismissed the claims with prejudice because—even if Brooks managed to sufficiently serve process at a later date—all of his claims were barred by the applicable statute of limitation.

Turning to DOC's motion to dismiss, the trial court explained that it granted dismissal with prejudice of all claims against DOC because (1) DOC had no duty to provide Brooks with the minimum wage job he asserted was his right, (2) a writ of mandamus was inappropriate as a vehicle for his claim for money damages, and (3) Brooks previously had an adequate remedy at law (thus barring the mandamus action). Additionally, the trial court found that Brooks' lawsuit was frivolous for purposes of RCW 4.24.430.[2]

Brooks subsequently filed a notice of appeal. This notice stated:

> PLEASE TAKE NOTICE I, Carl Brooks, the Petitioner, pro se in the Writ of Mandamus that was summarily dismissed by the judge's adaptation of Respondent's King County's Dispositive CR 12(b)(6), CR 12(c) and R.C.W 4.24.430, and without any review of my (Pet. Brooks) Response and Cross-Motion for Summary Partial Judgment is hereby giving my notice of appeal.

---

[2] This statute prevents persons serving criminal sentences in Washington from obtaining waivers of court filing fees in civil actions or appeals if they have, on three or more occasions while incarcerated, brought any actions commenced after July 22, 2011, that were dismissed as frivolous or malicious. RCW 4.24.430.

3

Brooks did not reference the trial court's dismissal of his claims against DOC anywhere in his notice of appeal, nor did he attach any of the trial court's orders to the notice of appeal.

II

Brooks seeks reversal of the trial court's ruling dismissing his claims with prejudice and the trial court's finding that his claims were frivolous. Because Brooks failed to properly serve King County and his claims were barred by the applicable statute of limitation, we affirm the trial court's dismissal with prejudice and its ruling that Brooks' claims were frivolous with regard to the claims against King County. However, we decline to review the trial court's order dismissing Brooks' claims against DOC because Brooks did not file a notice of appeal asserting that he was appealing from the trial court's order dismissing Brooks' claims against DOC.

A

King County asserts that the trial court properly dismissed Brooks' claims against it and properly ruled that his claims were frivolous both because the trial court lacked personal jurisdiction over King County due to Brooks' failure to properly serve King County and because Brooks' claims were barred by the applicable statute of limitation. We agree.

We review dismissals for lack of personal jurisdiction de novo. State v. LG Elecs., Inc., 186 Wn.2d 169, 176, 375 P.3d 1035 (2016) (citing FutureSelect Portfolio Mgmt., Inc. v. Tremont Grp. Holdings, Inc., 180 Wn.2d 954, 963, 331 P.3d 29 (2014)). "A court does not have personal jurisdiction over a party if the

individual or entity is not designated as a party and has not been made a party by service of process." Dep't of Soc. & Health Servs. v. Zamora, 198 Wn. App. 44, 73, 392 P.3d 1124 (2017).

The procedure for serving a county is set forth in RCW 4.28.080, which states that

> summons shall be served by delivering a copy thereof, as follows:
> (1) If the action is against any county in this state, to the county auditor or, during normal office hours, to the deputy auditor, or in the case of a charter county, summons may be served upon the agent, if any, designated by the legislative authority.

King County is a charter county. See KING COUNTY CHARTER, Preamble; Art. I. King County's legislative authority, the King County Council, has designated an agent to accept service of a summons on behalf of the county: "**Service of summons upon council clerk**. For the purpose of service of summons on King County under provisions of RCW 4.28.080, the person to be served is the clerk of the county council. (Ord. 13, 1969)." KING COUNTY CODE § 2.04.010.

Pursuant to RCW 4.16.080(2), "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated" must be commenced within three years. An action for alleged back wages is an invasion of a personal right subject to this three year statutory limitation period. Sorey v. Barton Oldsmobile, 82 Wn. App. 800, 806, 919 P.2d 1276 (1996), review granted and case dismissed, 131 Wn.2d 1001 (1997).

"A lawsuit is frivolous if, when considering the action in its entirety, it cannot be supported by any rational argument based in fact or law." Dave Johnson Ins., Inc. v. Wright, 167 Wn. App. 758, 785, 275 P.3d 339 (2012) (citing Curhan v. Chelan County, 156 Wn. App. 30, 37, 230 P.3d 1083 (2010)). We will not disturb a trial court's determination that an action was frivolous absent a clear abuse of discretion. Reid v. Dalton, 124 Wn. App. 113, 125, 100 P.3d 349 (2004). The trial court abuses its discretion if "its order is manifestly unreasonable or based on untenable grounds." Gillett v. Conner, 132 Wn. App. 818, 822, 133 P.3d 960 (2006).

The record shows that Brooks arranged for his summons to be served on the clerk of the King County Superior Court. This was a bad mistake on his part. The law required that the summons be served on the clerk of the King County Council. Therefore, Brooks did not properly serve King County and the trial court lacked personal jurisdiction over King County in this action. Furthermore, all of Brooks' claims relate back to the time period of 1990 through 2005, well beyond the three year statutory limitation period applicable to Brooks' claim for back wages. Thus, the trial court properly dismissed Brooks' claims against King County with prejudice.[3] Finally, because Brooks' claims, dating back to 1990 through 2005, were so clearly barred by the three year statutory limitation period applicable to such claims, the trial court did not abuse its discretion by ruling that Brooks' claims against King County were frivolous.

---

[3] Brooks would be unable to cure the defects in his claims even if he managed to properly serve King County.

B

DOC asserts that we must dismiss Brooks' appeal against it because he failed to designate the order granting dismissal of all of Brooks' claims against DOC in his notice of appeal. We agree.

RAP 5.3(a) states that a "notice of appeal must (1) be titled a notice of appeal, (2) specify the party or parties seeking the review, (3) designate the decision or part of decision which the party wants reviewed, and (4) name the appellate court to which the review is taken." See also Clark County v. W. Wash. Growth Mgmt. Hearings Review Bd., 177 Wn.2d 136, 144-45, 298 P.3d 704 (2013) ("[T]he notice of appeal must properly designate the decision or part of the decision that the party wants reviewed." (citing RAP 5.3(a)(3); Sargent v. Selvar, 46 Wn.2d 271, 272-73, 280 P.2d 683 (1955); Stewart v. Larkin, 74 Wash. 681, 687-88, 134 P. 186 (1913))). The rule further states that the "party filing the notice of appeal should attach to the notice of appeal a copy of the signed order or judgment from which the appeal is made." RAP 5.3(a). Brooks' notice of appeal failed to designate the decision dismissing his claims against DOC for review and he failed to attach a copy of the trial court's order to his notice of appeal.[4] The appeal was not properly taken. Therefore, we dismiss his appeal from the trial court's order dismissing his claims against DOC.

---

[4] While RAP 5.3(f) explains that appellate courts will "disregard defects in the form of a notice of appeal or a notice for discretionary review if the notice clearly reflects an intent by a party to seek review," there is nothing in Brooks' notice of appeal that reflects an intent on his part to seek review of the trial court's order dismissing his claims against DOC.

The order dismissing Brooks' claims against King County and finding that such claims were frivolous is affirmed. The appeal from the order dismissing Brooks' claims against DOC is dismissed.

WE CONCUR: