
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THOMAS SILVER, an individual, and all those similarly situated, | ) ) ) | No. 36165-9-III |
| Appellant, | ) ) | |
| v. | ) ) | PUBLISHED OPINION |
| RUDEEN MANAGEMENT COMPANY, INC., a Washington corporation, | ) ) ) | |
| Respondent. | ) ) | |

KORSMO, J. — Thomas Silver appeals from the dismissal at summary judgment of his class action against a property management company. We affirm the trial court's determination that his claim was barred by the statute of limitations.

FACTS

Mr. Silver rented an apartment managed by respondent Rudeen Management Company for about 40 months. Upon entering into the tenancy, Mr. Silver paid Rudeen a $300 damage deposit. He vacated the premises June 30, 2015, after giving timely notice of his intention. On that same day, Rudeen provided Silver a "preliminary" "Deposit Disposition" statement. The disposition claimed Silver owed $2,516.00 for excessive

wear and tear. On August 18, 2015, Rudeen sent Silver a "final" "Deposit Disposition" statement claiming a revised amount of $2,281.35 for excessive wear and tear.

Rudeen sometime thereafter began efforts to collect on its claim. Silver responded by filing this action. On August 10, 2017, he filed a complaint for damages against Rudeen. The complaint asserted the existence of a class of plaintiffs and a single cause of action: a contention that Rudeen had violated the Residential Landlord-Tenant Act of 1973 (RLTA), ch. 59.18 RCW, by not providing within twenty-one days a final statement concerning the damage deposit pursuant to RCW 59.18.280. Plaintiff requested that the court refund each class member's security deposit, give each class member double the amount of the deposit, and award attorney fees costs. Clerk's Papers (CP) at 10.

Rudeen eventually moved for summary judgment, arguing that the action was filed outside the two-year statute of limitations. Silver contended that his action was subject to the three-year statute of limitations governing recovery of personal property. The trial court concluded that the only cause of action asserted was a violation of the RLTA governed by a two-year statute of limitations. The court granted summary judgment and dismissed the case for untimely filing.

Mr. Silver timely appealed to this court. A panel considered his appeal without hearing oral argument.

ANALYSIS

The sole issue presented is whether the two- or three-year statute of limitations period applied to this complaint. We agree with the trial court that the two-year period applied.

The issue of which statute of limitations applies is a legal question that this court considers de novo. *Sorey v. Barton Oldsmobile*, 82 Wn. App. 800, 802, 919 P.2d 1276 (1996). If there is uncertainty about which statute applies, "the longer statute will be applied." *Stenberg v. Pac. Power & Light Co.*, 104 Wn.2d 710, 715, 709 P.2d 793 (1985).

The RLTA does not contain a statute of limitations. Typically, when a statute does not contain its own statute of limitations, RCW 4.16.130 applies. That statute provides:

> An action for relief not hereinbefore provided for, shall be commenced within two years after the cause of action shall have accrued.

However, not every cause of action predicated on statutory liability is subject to the two-year statute of limitations. *Sorey*, 82 Wn. App. at 805. Here, Mr. Silver argues that a three-year limitation period applies:

> An action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated;

RCW 4.16.080(2).

3

Mr. Silver pleaded his action under RCW 59.18.280. In pertinent part, that statute

provides:

> Within twenty-one days after the termination of the rental agreement and vacation of the premises . . . the landlord shall give a full and specific statement of the basis for retaining any of the deposit together with the payment of any refund due the tenant under the terms and conditions of the rental agreement.

RCW 59.18.280(1). In case of violation of § 280, the legislature provided that the entire

damage deposit would be returned to the tenant and the trial court was authorized to

provide for damages in double the amount of the damage deposit and reasonable attorney

fees. RCW 59.18.280(2). These were the remedies demanded by the complaint. Clerk's

Papers (CP) at 10.

Mr. Silver argues that his claim is for return of his damage deposit and

accompanying damages and should be considered an action for return of personal

property under the three-year statute of limitations. He likens his situation to that in

*Seattle Professional Engineering Employees Ass'n v. Boeing Co.*, 139 Wn.2d 824, 991

P.2d 1126 (2000) (SPEEA). There, new Boeing employees were required to attend a

"pre-employment" orientation session without pay. *Id*. at 827. An employee union

brought a class action suit against the company, arguing that the mandatory unpaid

orientation violated state wage and hour laws. *Id*. at 827-28. As relevant to this appeal,

the court ruled that the three-year statute of limitations of RCW 4.16.080(3) governing

unjust enrichment applied rather than the two-year catchall statute. *Id*. at 836-38. In

4

doing so, the court also rejected the employees' argument that RCW 4.16.080(2) applied. *Id.* at 836-37. The court noted that the right being asserted was protected both by law and statute. *Id.* at 838. However, not all tort-related actions were governed by the three-year statute. *Id.* at 837.

Rudeen argues that where the common law creates a right of recovery and a statute supplements that cause of action, the three-year limitation statute applies, but where the statute creates its own new cause of action unrelated to an existing action, the two-year catchall is applicable. It finds support for this view in the noted comments from *SPEEA* and the synthesis of the case law found in *Lewis v. Lockheed Shipbuilding & Construction Co.*, 36 Wn. App. 607, 676 P.2d 545 (1984). In *Lewis*, the court found that an employment discrimination claim based on the Washington Law Against Discrimination, ch. 49.60 RCW, enforced a "valuable right or privilege enjoyed by Lewis." *Id.* at 612. Canvassing the case authority, *Lewis* ruled that where a defendant "directly invades a legally protected interest," the three-year limitation statute applied. *Id.*

Thus, the ultimate question concerns the nature of the right invaded. Silver argues that he was seeking return of his damage deposit, a property right protected by RCW 4.16.080(2). If he had filed a replevin action, we would agree with him. However, his complaint is expressly predicated on the landlord's duty under RCW 59.18.280(1) to respond within twenty-one days by either returning a damage deposit or providing a final

5

No. 36165-9-III
*Silver v. Rudeen Mgmt. Co.*

statement justifying the withholding of some or all of the deposit. He seeks the remedies accorded by that statute. He does not assert that he did less than $300 damage to the apartment.

We conclude that this is an action to enforce the statute, not an action for return of property. It is the difference between saying "I did not do $300 worth of damage, return my deposit," and saying "you did not respond in a timely fashion as required, so pay me the statutory remedies." The former involves a personal right of the plaintiff to possession of his own funds. The latter involves a breach of statutory duty in derogation of the plaintiff's rights.

This was an action to enforce the deposit return obligation of the RLTA. It was not an action for return of personal property. The two-year statute of limitations period applied. RCW 4.16.130.

This action was brought more than two years after it had accrued. The trial court correctly determined that it was untimely.

Affirmed.

_____
Korsmo, J.

WE CONCUR:

_____    _____
Siddoway, J.                             Lawrence-Berrey, C.J.

6