# NOTICE:   SLIP OPINION
## (not the court's final written decision)

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

FILE

IN CLERK'S OFFICE
SUPREME COURT, STATE OF WASHINGTON
APRIL 22, 2021

*González, C.J.*
CHIEF JUSTICE

THIS OPINION WAS FILED
FOR RECORD AT 8 A.M. ON
APRIL 22, 2021

*Susan L. Carlson*
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| THOMAS SILVER, | ) | No. 98024-1 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | EN BANC |
| | ) | |
| RUDEEN MANAGEMENT | ) | |
| COMPANY, INC., | ) | |
| | ) | Filed: April 22, 2021 |
| Respondent. | ) | |
| _____ | ) | |

MONTOYA-LEWIS, J.— During a period of transformation in landlord-tenant law aimed at improving living conditions and balancing the bargaining positions between landlord and tenants, the Washington Legislature passed the Residential Landlord-Tenant Act of 1973 (RLTA), ch. 59.18 RCW. The RLTA regulates the landlord-tenant relationship in Washington, imposing interdependent obligations on the parties to a residential lease and providing remedies for breaches of those duties. However, it does not specify a statute of limitations applicable to actions brought under the act.

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

In this case, a residential landlord withheld a tenant's security deposit after the termination of the tenancy, demanding a large sum of money for alleged excessive wear and tear to the premises. Two years and two months later, the tenant filed suit, alleging that the landlord failed to comply with the RLTA and seeking to recover his security deposit. The tenant claimed that he is entitled to recover his security deposit because the landlord failed to return it or to provide a full and specific statement of the basis for retaining it within the time period required by RCW 59.18.280(1). We are asked to determine the applicable statute of limitations for such an action.

We hold that a tenant's action under RCW 59.18.280 is an action to recover the tenant's personal property—the security deposit—and is subject to the three-year statute of limitations under RCW 4.16.080(2). Therefore, the tenant's complaint was timely, and the trial court erred in dismissing it. We reverse.

## I. FACTS AND PROCEDURAL HISTORY[1]

In 2012, Thomas Silver entered into a residential lease agreement with Rudeen Management Company to rent an apartment in Spokane. Under the terms of the lease, Silver paid a monthly rent of $810 and a nonrefundable fee of $100 for carpet cleaning and drip pan replacement at the commencement of the tenancy. He

---

[1] The facts are those alleged in the complaint. *Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 257, 359 P.3d 746 (2015) (when reviewing a motion to dismiss, we accept facts alleged in the complaint as true).

2

also paid a refundable $300 "Damage/Cleaning/Security Deposit." Clerk's Papers

(CP) at 5. Silver rented the apartment for the next three years. Silver provided proper

notice of his intent to terminate his tenancy on June 30, 2015, and he moved out on

or about that date.

After Silver moved out, Rudeen sent him two documents relating to his

deposit and alleged excessive wear and tear to the apartment. The first document,

dated June 30, 2015 (the same date as the termination of the tenancy), was labeled a

"'preliminary'" "'Deposit Disposition'" and claimed that Silver owed $3,000.00 for

excessive wear and tear to the premises. *Id.* The second document, dated August 18,

2015 (seven weeks later), was labeled a "'final'" "'Deposit Disposition'" and

claimed that Silver owed a revised balance of $2,281.35 due after applying his

$300.00 deposit. *Id.* at 5-6. This final deposit statement included invoices for

flooring and cleaning services, dated August 4 and August 10, 2015, respectively.

(None of the invoiced work had been completed when Rudeen sent the preliminary

statement.) Silver disputed any responsibility for the alleged excessive wear and tear,

and, when he questioned the basis and amount of damage Rudeen had claimed,

Rudeen referred the claim to a third-party collection agency.

On August 10, 2017—more than two years but less than three years after the

deadline for the deposit statement—Silver filed a complaint for damages against

Rudeen to recover the deposit. Silver brought the complaint on behalf of himself and

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

similarly situated former tenants whose deposits Rudeen had withheld in violation of RCW 59.18.280.[2] He alleged one cause of action under the RLTA. He alleged facts relating to the terms of the lease agreement, but he did not state a cause of action for breach of contract.

Silver claimed that Rudeen violated the RLTA because it did not provide a full and specific statement of the basis for retaining any of the deposit or return any portion of the deposit within 14 days after tenants vacated the premises as required under the RLTA.[3] He argued that the preliminary deposit statement reflected an estimate or anticipated charges and should not qualify as "a full and specific statement" required by RCW 59.18.280(1). Even if the final statement, which included invoices for specific services, qualified as "a full and specific statement," Rudeen sent it well past 14 days after Silver vacated the premises. Therefore, Silver alleged, Rudeen failed to send a full and specific statement or any refund of the deposit within the time period specified by RCW 59.18.280(1).

---

[2] The trial court dismissed the case before Silver moved to certify the class, and there are no issues regarding the putative class before this court.

[3] RCW 59.18.280 was amended in 2016 to extend this time period from 14 to 21 days after the tenant vacates the premises. LAWS OF 2016, ch. 66, § 4. Silver's individual action accrued in 2015, so his claim is governed by former RCW 59.18.280 (2010) (14 days). *See infra* note 4. However, the 2016 amendment did not substantively alter the statute aside from extending this time period, and the issue of the statute of limitations remains the same under either version of the statute. Therefore, we simply refer to RCW 59.18.280 without specifying the effective year of the statute.

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

Silver sought to recover tenants' deposits, pursuant to RCW 59.18.280(2), based on Rudeen's alleged willful and wrongful withholding of their deposits after the termination of their tenancies. He requested refunds of each class member's deposit. RCW 59.18.280(2). He also requested declaratory relief—holding that Rudeen's actions were willful—and two times the amount of the deposits Rudeen wrongfully retained and reasonable attorney fees and costs. *Id.*; RCW 59.18.270.

Rudeen filed a CR 12(c) motion to dismiss the complaint, arguing that the two-year catchall statute of limitations, RCW 4.16.130, should apply and that the limitations period had expired because Silver filed the complaint more than two years after the cause of action had accrued.[4] The trial court granted Rudeen's motion and dismissed the case with prejudice. It also awarded Rudeen costs and attorney fees in the amount of $15,225.50.

Silver appealed, and the Court of Appeals affirmed. *Silver v. Rudeen Mgmt. Co.*, 10 Wn. App. 2d 676, 449 P.3d 1067 (2019). The Court of Appeals rejected Silver's argument that the three-year statute of limitations under RCW 4.16.080(2) should apply because he filed an action for return of personal property. It concluded that the two-year catchall statute of limitations applied because Silver had filed "an action to enforce the deposit return obligation of the RLTA," and an action to enforce

---

[4] We assume, without deciding, that the trial court correctly concluded that the cause of action accrued on July 15, 2015 (14 days after the date Silver vacated and Rudeen sent the preliminary deposit statement).

5

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

a statute should fall under RCW 4.16.130. *Id.* at 681. Therefore, the court reasoned, the trial court correctly dismissed the action because it was commenced more than two years after it had accrued. *Id.* Silver filed a petition for review in this court, which we granted. 195 Wn.2d 1018 (2020).

## II. ANALYSIS

The RLTA does not include a statute of limitations, but chapter 4.16 RCW provides statutes of limitations for various categories of actions. RCW 4.16.080(2) limits actions to three years for "[a]n action for taking, detaining, or injuring personal property, including an action for the specific recovery thereof, or for any other injury to the person or rights of another not hereinafter enumerated." In contrast, the catchall statute limits actions to two years for "[a]n action for relief *not hereinbefore provided for.*" RCW 4.16.130 (emphasis added). We hold that the three-year statute of limitations applies because a tenant's action to recover their deposit based on the landlord's alleged violation of the RLTA is an action to recover personal property. The catchall statute of limitations cannot apply because RCW 4.16.080(2) does.

The question of which statute of limitations applies is a question of law we review de novo. *Sorey v. Barton Oldsmobile*, 82 Wn. App. 800, 802, 919 P.2d 1276 (1996). Additionally, we review a trial court's ruling on a motion to dismiss de

6

Silver v. Rudeen Mgmt. Co.
No. 98024-1

novo.[5] *Becker v. Cmty. Health Sys., Inc.*, 184 Wn.2d 252, 257, 359 P.3d 746 (2015).

Factual allegations contained in the complaint are accepted as true. *Id.* The court will

grant the motion only if it finds that the plaintiff can prove no set of facts consistent

with the complaint that would entitle the plaintiff to relief. *Id.* at 257-58.

A.     Statute of Limitations

The court's fundamental objective in interpreting statutes "is to ascertain and

carry out the Legislature's intent." *Dep't of Ecology v. Campbell & Gwinn, LLC*,

146 Wn.2d 1, 9, 43 P.3d 4 (2002). Thus, our analysis begins with the RLTA itself

and the nature of security deposits under that act.

The 1960s and 1970s witnessed a transformation in residential landlord-tenant

law, informed by the civil rights movement and a recognition of shelter as a basic

human necessity. *See generally* Edward H. Rabin, *The Revolution in Residential*

*Landlord-Tenant Law: Causes and Consequences*, 69 CORNELL L. REV. 517 (1984).[6]

While communities across the country endeavored to improve social and economic

---

[5] Although the Court of Appeals characterized Rudeen's motion as one for summary judgment, *Silver*, 10 Wn. App. 2d at 677-78, careful review of the record reveals that the posture of this case is best understood as dismissal at the pleading stage. CR 12(c); *Trujillo v. Nw. Tr. Servs., Inc.*, 183 Wn.2d 820, 827 n.2, 355 P.3d 1100 (2015).

[6] *See also* Werner Z. Hirsch, *Landlord-Tenant Laws and Indigent Black Tenants*, in 10 RESEARCH IN LAW & ECONOMICS: THE ECONOMICS OF URBAN PROPERTY RIGHTS 129, 130 (Austin J. Jaffe guest ed., 1987) ("In fact, many landlord-tenant laws posed since the mid 60s came into being, to no small extent, in response to the civil rights movement."); Mary Ann Glendon, *The Transformation of American Landlord-Tenant Law*, 23 B.C. L. REV. 503, 505 (1982) ("Underlying these latter changes is the idea that shelter is a basic human necessity, and that public regulation of the terms and conditions on which it is offered and held is therefore appropriate.").

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

conditions, rental housing became increasingly regulated during this period, as Congress passed the Fair Housing Act of 1968,[7] the Uniform Law Commission promulgated the Uniform Residential Landlord and Tenant Act of 1972 (URLTA),[8] and state courts and legislatures moved away from principles of property law and toward principles of contract in the law of leasing. Mary Ann Glendon, *The Transformation of American Landlord-Tenant Law*, 23 B.C. L. REV. 503, 503-05 (1982); Rabin, *supra*, at 554.

Washington State was among the jurisdictions to pass significant legislation to shape and regulate the respective rights of tenants and landlords during this period. In 1973, after years of efforts to pass comprehensive landlord-tenant law reform and strong opposition from landlord associations, the Washington Legislature finally passed the RLTA as Engrossed Substitute Senate Bill 2226, a compromise bill that adopted about half of the 110 proposed amendments.[9] LAWS OF 1973, ch. 207, §§ 1-47. The RLTA specifies numerous duties, rights, and remedies for landlords and

---

[7] 42 U.S.C. §§ 3601-3619.

[8] UNIF. RESIDENTIAL LANDLORD & TENANT ACT (1972), 7B U.L.A. 275 (2018).

[9] "In sum, it is hard to perceive of a more thoroughly considered piece of legislation than the [RLTA]." *State v. Schwab*, 103 Wn.2d 542, 551, 693 P.2d 108 (1985). See William H. Clarke, *Washington's Implied Warranty of Habitability: Reform or Illusion?*, 14 GONZ. L. REV. 1, 5-12 (1978), for a thorough summary of the passage of the RLTA and the ways in which landlord-tenant law developed during this period to become more just and more attuned to the realities of modern rental housing. Once the RLTA left the legislature, the governor exercised his veto power, attempting to excise some 14 items and sections of the RLTA—mostly in ways that would benefit tenants, *id.* at 12—but this court declared all 14 item vetoes invalid, restoring the act to the language as originally passed. *Wash. Ass'n of Apt. Ass'ns v. Evans*, 88 Wn.2d 563, 564 P.2d 788 (1977).

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

tenants engaged in residential lease agreements. Ch. 59.18 RCW. When it passed, the RLTA "represent[ed] the first meaningful change in Washington landlord-tenant law in almost three-quarters of a century." *Survey of Washington Law: Property*, 9 GONZ. L. REV. 299, 299 (1973).

Similar to the URLTA, the RLTA includes some provisions that protect landlords' interests, but it also maximizes their obligations, "aspir[ing] to protect tenants' rights by creating incentives for landlords to improve the quality of rental housing." Christopher W. Sullivan, *Forgotten Lessons from the Common Law, the Uniform Residential Landlord and Tenant Act, and the Holdover Tenant*, 84 WASH. U. L. REV. 1287, 1312 (2006). The new regulations in the area of landlord-tenant law displaced several common law rules in an effort to balance the bargaining positions between landlord and tenant in residential leasing—most notably by placing affirmative duties on the landlord, such as the warranty of habitability, and by treating many of the parties' obligations as interdependent. *See* RCW 59.18.060; URLTA (1972) § 1.102 cmt., 7B U.L.A. at 277-78; Thomas Bothwell, Comment, *Washington Tenant Remedies and the Consumer Protection Act*, 10 GONZ. L. REV. 559, 559 (1975).

Security deposits were among the matters of residential leasing subject to new and significant regulation under Washington's RLTA. The RLTA imposed new requirements in order for the landlord to hold any of the tenant's moneys as a deposit

9

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

or as security for the performance of the tenant's obligations. *See* William B. Stoebuck, *The Law Between Landlord and Tenant in Washington: Part II*, 49 Wash. L. Rev. 1013, 1032 (1974) ("Clearly these provisions were a response to complaints that landlords were wrongfully retaining damage and security deposits, which has probably been the most frequent form of landlord-tenant dispute."). For example, a landlord may collect a security deposit from a tenant only if the lease is in writing and includes the terms and conditions under which any portion of the deposit may be withheld by the landlord. RCW 59.18.260. Before collecting any deposit, the landlord must complete a written checklist specifically describing the condition of the premises and provide a copy to the tenant. *Id.* The landlord must also deposit all moneys paid by the tenant as a deposit or security into a trust account in a qualifying financial institution. RCW 59.18.270. The landlord may retain any interest accrued by the deposit, but it must also keep the tenant apprised of the status of the deposit by providing a written receipt for the deposit; written notice of the name, address, and location of the trust account; and written notice of any changes to the location or the owner of the trust account. *Id.* Further, if the landlord faces foreclosure during the tenancy, the landlord must either transfer the tenant's deposit to the successor landlord or immediately refund it to the tenant. *Id.* ("The tenant's claim to any moneys paid under this section shall be prior to that of any creditor of the landlord, including a trustee in bankruptcy or receiver, even if such moneys are

10

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

commingled."). These provisions illustrate the legislature's intention to ensure that tenants have adequate protections.

Under the RLTA, the tenant's deposit provides security for the performance of the tenant's obligations under the lease, but "[n]o part of the deposit belongs to the landlord unless and until the tenant breaches." 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW § 6.53, at 398 (2d ed. 2004). The tenant's duties include keeping the premises reasonably clean and sanitary, refraining from causing damage or committing waste, and "restor[ing] the premises to their initial condition [upon termination of the tenancy,] except for reasonable wear and tear or conditions caused by failure of the landlord to comply with his or her obligations under [the RLTA]." RCW 59.18.130. The landlord may retain a portion of the deposit if the tenant fails to perform these duties (provided it also gives a full and specific statement of the basis within 14 days, *see supra* note 3, after vacation of the rental unit), but the landlord *cannot* withhold any portion of a deposit due to *ordinary* wear and tear. RCW 59.18.280(1)(a); *see also* Stoebuck, *supra*, at 1030 ("[T]he landlord is entitled in Washington to retain out of the deposit only so much as will compensate him for his actual damages upon the tenant's breach. In other words, no part of the deposit becomes the landlord's until the breach." (footnote omitted)). Also, the RLTA provisions governing security deposits

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

are among the few sections of the act that provide for an award of costs and reasonable attorney fees for the prevailing party. *See* RCW 58.18.260, .270, .280.

Within the statutorily allotted time after the termination of a residential tenancy, the landlord must either return the tenant's deposit or provide "a full and specific statement of the basis for retaining any of the deposit together with the payment of any refund due the tenant under the terms and conditions of the rental agreement." RCW 59.18.280(1). If the landlord fails to provide this full and specific statement and any refund due within this time period, then the landlord is liable to the tenant for the full amount of the deposit. RCW 59.18.280(2). When a tenant files an action to recover the deposit, the landlord cannot raise any defense for retaining any portion of the deposit unless it shows that circumstances beyond its control prevented it from providing the statement within the required time frame. *Id.*; *see, e.g.*, *Goodeill v. Madison Real Estate*, 191 Wn. App. 88, 101-02, 362 P.3d 302 (2015). Further, if the landlord intentionally refuses to provide the statement or refund due, the court may award up to two times the amount of the deposit to the tenant. RCW 59.18.280(2). The prevailing party in an action to recover the tenant's deposit is also entitled to an award of costs and reasonable attorney fees. *Id.*

12

Silver v. Rudeen Mgmt. Co.
No. 98024-1

The landlord has only 14 days after the termination of the tenancy to fulfill this obligation to return the deposit and provide the full and specific statement.[10] This remarkably short time frame for the landlord to return the deposit and provide an accounting for any withheld portion is imperative in order to meaningfully protect the tenant's interest in their security deposit:

> The opportunities for abuses in the determination of the amount of sec[]urity deposit to be returned to the tenant highlight the need for swift procedural remedies. In many cases the amount in controversy will prevent one from going to court. For example, a tenant might feel that he was entitled to $20 of the security deposit, but he might feel that $20 might be less than what it would cost him in time and trouble to go to court. . . . If a simple procedure could be provided to insure swift and just results, these petty injustices might be avoided.

Subcomm. on the Model Landlord-Tenant Act of Comm. on Leases, *Proposed Uniform Residential Landlord and Tenant Act*, 8 REAL PROP., PROB. & TR. J. 104, 110 (1973).[11] This is especially critical for renters experiencing poverty, for whom the security deposit and other moving expenses often exceed monthly income. Kathryn A. Sabbeth, *(Under)Enforcement of Poor Tenants' Rights*, 1 GEO. J. ON

---

[10] Although RCW 59.18.280 was recently amended to extend this time frame from 14 to 21 days after the termination of the tenancy, *see supra* note 3, from its passage in 1973 until this amendment over 40 years later, the landlord was required to return the deposit and provide the statement within 2 weeks of the termination of the tenancy. *Compare* LAWS OF 1973, 1st Ex. Sess., ch. 207, § 28, *with* LAWS OF 2016, ch. 66, § 4; *see also* URLTA (1972) § 2.101(b), 7B U.L.A. at 309 (requiring the landlord to provide an itemized written notice together with any refund due within 14 days after the termination of the tenancy).

[11] Indeed, in this case, the individual deposit Silver sought to recover was in the amount of $300. He sought to recover not only his deposit but double the amount, as provided under the RLTA, and the same relief for former tenants who would be members in a class action.

13

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

POVERTY L. & POL'Y 97, 110 (2019) (describing the financial barriers and numerous other obstacles that prevent poor people from relocating to safe and affordable housing).[12] Issues related to rental housing—such as "landlord disputes, unsafe housing conditions and problems related to eviction or termination of a lease"—are among the most prevalent legal problems for low-income families in Washington. CIVIL LEGAL NEEDS STUDY UPDATE COMM., 2015 WASHINGTON STATE CIVIL LEGAL NEEDS STUDY UPDATE 8 (2015), https://ocla.wa.gov/wp-content/uploads/2015/10/CivilLegalNeedsStudy_October2015_V21_Final10_14_1 5.pdf [https://perma.cc/956F-CRG4].[13] The security deposit may be a significant amount of money to the renter, but poor renters are unlikely to be able to afford representation and damage awards are often too small to be lucrative for litigators. Sabbeth, *supra*, at 119-28, 121 ("The obstacle for housing safety enforcement is that it is not a good financial investment."). The availability of double damages, attorney fees, and collective litigation—such as the class action Silver sought to represent in

---

[12] *See also* BRETT THEODOS, SARA MCTARNAGHAN & CLAUDIA COULTON, URBAN INST., FAMILY RESIDENTIAL INSTABILITY: WHAT CAN STATES AND LOCALITIES DO? 4 (2018) ("[L]ost income from withheld security deposits and landlord screening for eviction records limits a tenant's ability to access stable housing.").

[13] Within the population of low-income Washingtonians, Black, Indigenous, and other people of color and people with disabilities experience legal problems with rental housing at disproportionately high rates. 2015 WASHINGTON STATE CIVIL LEGAL NEEDS STUDY UPDATE, *supra*, at 10 ("While fewer than one-third (27.8%) of all low-income households suffer at least one problem with rental housing, 42.9% of Native American households, 41.5% of African-American households, and 37.8% of households that include a person with a disability have rental housing problems."). These issues will be exacerbated by the COVID-19 crisis, which has increased these disparities and will likely have impacts on housing into the future.

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

this suit—demonstrate the importance of statutes that impose strict obligations and meaningful remedies to hold landlords accountable to respecting tenants' rights.

The RLTA is a remedial statute that must be "construed liberally in order to accomplish the purpose for which it is enacted." *State v. Douty*, 92 Wn.2d 930, 936, 603 P.2d 373 (1979); *cf. Randy Reynolds & Assocs. v. Harmon*, 193 Wn.2d 143, 156, 437 P.3d 677 (2019) (Chapter 59.18 RCW is a "statute[] in derogation of the common law and thus [is] strictly construed in favor of the tenant."). The RLTA creates remedies for tenants in order "to protect several tenant interests susceptible to the landlord's 'upper hand,' which is especially strong in times of housing shortages." Bothwell, *supra*, at 559.[14] Further, the RLTA provides for costs and fees for violations of its deposit provisions and double damages for willful violations of the deposit return provision at issue here. RCW 59.18.280(2); *see Schilling v. Radio Holdings, Inc.*, 136 Wn.2d 152, 157-59, 961 P.2d 371 (1998) (concluding that the wage rebate statute "must be liberally construed to advance the Legislature's intent to protect employee wages and assure payment," in part, because the legislature provided for exemplary damages and costs and attorney fees).

---

[14] *But see* Bothwell, *supra*, at 561-63 (noting several aspects of the RLTA that diminish its remedial effect); Richard E. Blumberg, *Analysis of Recently Enacted Arizona and Washington State Landlord-Tenant Bills*, 7 CLEARINGHOUSE REV. 134, 134 (1973) (observing that the URLTA and many state laws that resemble it "have done little or nothing to alleviate the hardships of low and moderate income tenants caused by the inadequate supply of affordable, habitable housing and the commensurate lack of bargaining power of such tenants").

15

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

Silver's action seeks to recover his deposit. A security deposit is the tenant's personal property, which the landlord holds in trust as security for the tenant's performance under the lease.[15] 17 STOEBUCK & WEAVER, *supra*, at 397-401. The landlord cannot withhold the deposit absent the tenant's breach. In order to retain any portion of the deposit for excessive damage beyond ordinary wear and tear, the landlord must provide a full and specific statement within 14 days, *see supra* note 3, after vacation. RCW 59.18.280(1)(a). Thus, if the tenant causes only ordinary wear and tear to the premises, the tenant has not breached their duty, and they are entitled to a full refund of their deposit.

This is Silver's theory of the case: he claims that he was not responsible for any excessive wear and tear to the premises.[16] He also claims that Rudeen is liable to refund two times the full amount of the deposit because it intentionally refused to provide the statement and any refund due to Silver within 14 days after he vacated the premises. If the claim is permitted to move forward, the parties may dispute whether either of Rudeen's deposit statements satisfied the full and specific statement requirement and whether the alleged damage to the premises was

---

[15] This understanding of the nature of the security deposit is consistent with recent revisions to the URLTA, which clarify that the security deposit remains the property of the tenant and that the landlord's interest in the deposit is limited to a security interest. REVISED URLTA (2015) § 1202(a)(1) & cmt., 7B U.L.A. at 259-60 (2018).

[16] As Silver and amicus curiae point out, the Court of Appeals erroneously stated that Silver did not assert that he did not cause excessive damage to the apartment. *Silver*, 10 Wn. App. 2d at 680. In fact, the complaint alleged that "Mr. Silver was not responsible for the allegedly excessive wear and tear to the premises." CP at 5.

16

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

excessive or resulted from "ordinary use of the premises." *Id.* But if Silver prevails on the merits of his complaint, Rudeen must return Silver's deposit in full. RCW 59.18.280(2).

This analysis leads us to conclude that the three-year statute of limitations contained in RCW 4.16.080(2) applies to a tenant's claim to recover their deposit under RCW 59.18.280. The deposit is the tenant's personal property, which the landlord holds in trust unless and until the tenant breaches their obligations. Thus, Silver's action is one to recover his personal property and it is subject to the three-year statute of limitations. *See Luellen v. City of Aberdeen*, 20 Wn.2d 594, 604, 148 P.2d 849 (1944). The two-year catchall statute under RCW 4.16.130 cannot apply to a tenant's action to recover their personal property because it applies to only those actions that do not fall within any other statute of limitations. RCW 4.16.130 (The two-year catchall statute applies to "[a]n action for relief not hereinbefore provided for."); *Stenberg v. Pac. Power & Light Co.*, 104 Wn.2d 710, 715, 709 P.2d 793 (1985) (citing *Citizens' Nat'l Bank v. Lucas*, 26 Wash. 417, 418, 67 P. 252 (1901)).[17] Moreover, "[w]hen there is uncertainty as to which statute of limitation governs, the longer statute will be applied." *Stenberg*, 104 Wn.2d at 715. Given this

---

[17] Further, the catchall statute of limitations does not apply merely when an action seeks to enforce a liability created by statute. *State ex rel. Bond v. State*, 59 Wn.2d 493, 497-98, 368 P.2d 676 (1962), *overruled on other grounds by Stenberg*, 104 Wn.2d at 718, 720.

17

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

understanding of the nature of the security deposit and the framework of our statutes of limitations, we agree with Silver.

Therefore, we hold that Silver's action to recover his security deposit under the RLTA is subject to the three-year statute of limitations under RCW 4.16.080(2). Thus, Silver's complaint was timely and the trial court erred when it dismissed it. We reverse.

### B.     Attorney Fees

Silver has requested an award of costs and reasonable attorney fees. RAP 18.1 permits an award of reasonable attorney fees or expenses on review before this court if applicable law grants a party the right to attorney fees or expenses. In an action brought by the tenant to recover their deposit, the prevailing party is entitled to the cost of suit, including reasonable attorney fees. RCW 59.18.270, .280(2). Since Silver has prevailed here, he will be entitled to reasonable attorney fees and expenses for this appeal if he ultimately prevails in the trial court. *Faciszewski v. Brown*, 187 Wn.2d 308, 324, 386 P.3d 711 (2016). In this case, the trial court is in the best position to make a determination of who is the prevailing party and the amount of reasonable attorney fees and expenses that should be awarded for the work at the trial court and on the appeal. Therefore, the determination of the attorney fees and expenses to be awarded is remanded to the trial court. RAP 18.1(i). We remand to the superior court for further proceedings consistent with this opinion.

*Silver v. Rudeen Mgmt. Co.*
No. 98024-1

## III. CONCLUSION

A tenant's security deposit is the personal property of the tenant unless and until they breach their duties under the RLTA. When a landlord fails to return the deposit along with a full and specific statement for retaining any portion of the deposit within the time frame required by the RLTA, the tenant may file an action under RCW 59.18.280 to recover their deposit. Such an action is an action for the specific recovery of personal property, and it is thus governed by the three-year statute of limitations under RCW 4.16.080(2). Silver's complaint was, therefore, timely. Accordingly, we reverse and remand to the superior court.

Montoya-Lewis, J.

WE CONCUR:

González, C.J.

Stephens, J.

Johnson, J.

Gordon McCloud, J.

Madsen, J.

Yu, J.

Owens, J.

Whitener, J.

19